**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ONEBOSS.IO, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:26-cv-09201** |
| **EHP, INC., ESSENTIAL** | § | |
| **HEALTH PLAN, INC., and** | § | |
| **EVERON TECHNOLOGIES,** | § | |
| **LLC,** | § | |
| | § | |
| **Defendants.** | § | **Jury Trial Demanded** |

---

**Plaintiff OneBOSS.IO, Inc.'s First Amended Complaint and Application for Preliminary Injunction and Permanent Injunction**

---

Plaintiff OneBOSS.IO, Inc. files this First Amended Complaint against Defendants EHP, Inc., Essential Health Plan, Inc., and Everon Technologies, LLC, and respectfully alleges as follows:

## <u>A. Nature of the Action</u>

1. This is an action for breach of contract, anticipatory repudiation, and misappropriation of trade secrets under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code ch. 134A. Defendant EHP, Inc. contracted for access to OneBOSS's proprietary software-as-a-service "Solutions" under written agreements prohibiting reverse engineering and misuse of OneBOSS's

confidential information, then — acting with its affiliates Essential Health Plan, Inc. and Everon Technologies, LLC — used that access to reverse engineer and replicate the Solutions while repudiating its payment obligations.

2. OneBOSS seeks monetary relief exceeding $1,000,000, together with preliminary and permanent injunctive relief, exemplary damages, costs, and reasonable attorneys' fees.

**B. Parties**

3. **Plaintiff OneBOSS.IO, Inc.** ("OneBOSS") is a corporation organized under the laws of the State of Texas with its principal place of business in Harris County, Texas. OneBOSS is a citizen of Texas.

4. **Defendant EHP, Inc. ("EHP")** is a corporation organized under the laws of the State of Delaware with its principal place of business in Fort Lauderdale, Florida. EHP is a citizen of Delaware and Florida. EHP maintains a registered agent for service of process in Delaware: Republic Registered Agent, LLC, 262 Chapman Rd., Suite 240, Newark, Delaware 19702.

5. **Defendant Essential Health Plan, Inc.** ("Essential Health") is a corporation organized under the laws of the State of Florida with its principal place of business in Fort Lauderdale, Florida. Essential Health is a citizen of Florida. Essential Health maintains a registered agent for service of process

in Florida: Ryszard Bolko, Law Offices of Ryszard Bolko, PLLC, 2933 W Cypress Creek Rd., Suite 202, Fort Lauderdale, Florida 33309.

6. On information and belief, EHP and Essential Health are alter egos operating as a single entity, such that each is responsible for the other's acts and obligations. EHP, the Delaware corporation that is party to the NDA and the MSA, is not registered to transact business in Florida, yet it operates from the same Fort Lauderdale office — 2933 W. Cypress Creek Road, Suite 202 — as Essential Health, the Florida corporation that is registered there. Both entities are controlled by and affiliated with Ryszard Bolko, Esq. who serves as chief financial officer for EHP and registered agent and president of Essential Health.

7. On information and belief, the two entities share common ownership, management, offices, personnel, and finances; do not observe a genuine separation of assets or operations between them; and are used interchangeably by Mr. Bolko to conduct a single business. On information and belief, Defendants caused EHP to be used — including by contracting in the name of an entity not registered to do business in Florida while conducting the business, holding the assets, or housing the operations in the affiliated registered entity — to perpetrate an actual fraud on OneBOSS primarily for Defendants' direct personal benefit, namely to obtain the benefits of OneBOSS's Solutions and Confidential Information while evading EHP's

obligations under the NDA and the MSA and shielding assets from OneBOSS's claims. Recognizing the corporate fiction as a separation between EHP and Essential Health under these circumstances would work an injustice on OneBOSS. Essential Health is therefore liable, jointly and severally with EHP, for the obligations and conduct alleged in this Amended Complaint. In the alternative, and to the extent Essential Health itself performs, directs, or participates in the reverse engineering of the Solutions alleged below, Essential Health is directly liable for misappropriation of OneBOSS's trade secrets under the Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act.

8. **Defendant Everon Technologies, LLC** ("Everon") is a limited liability company organized under the laws of the State of Florida. Its members are citizens of Pennsylvania, Florida, and North Carolina. Everon is therefore a citizen of Pennsylvania, Florida, and North Carolina, and is not a citizen of Texas. Everon maintains a registered agent for service of process in Florida: Juan Sastoque, 7895 Grand Canal Dr., Miami, Florida 33144.

9. Defendant Everon is the software development company for EHP and Essential Health and operates under common ownership and control with them as part of the X Benefit Group family of companies. EHP's and Essential Health's owners control Everon's funding and direct its work; Everon invoices the parent entity, and its development personnel take their direction from

EHP's and Essential Health's owners. Everon's founding partner and head of development has described Everon as managing software releases across the X Benefit Group technology stacks and as having taken over systems administration and workspace operations for EHP. At all relevant times, Everon acted as the agent of, and at the direction of, EHP and Essential Health in the conduct alleged in this Amended Complaint, including the reverse engineering of the Solutions. Everon is therefore jointly and severally liable with EHP and Essential Health for that conduct and is directly liable for misappropriation of OneBOSS's trade secrets under the Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act.

10. In addition, in the November 2025 SaaS Agreement described below, EHP expressly agreed that its Affiliates — including any software companies under common ownership or control — and its contractors would not reverse engineer OneBOSS's technology or assist in building any product that competes with, replicates, or is derived from the OneBOSS Platform; Everon falls squarely within that class.

## C. Procedural Background

11. On October 9, 2026, OneBOSS filed its Verified Original Petition against the Defendants in the 129th Judicial District Court of Harris County,

Texas (Cause No. 2026-76026).[1] On October 12, 2026, that court entered a Temporary Restraining Order ("TRO")[2] enjoining the Defendants from reverse engineering, using, or disclosing OneBOSS's Confidential Information and trade secrets, set a hearing on OneBOSS's application for a temporary injunction, and ordered OneBOSS to post a $500 bond. OneBOSS posted the $500 bond.[3]

12. On October 15, 2026, the Defendants removed the action to this Court.[4] Under 28 U.S.C. § 1446(d), the state court may proceed no further; and under 28 U.S.C. § 1450, the TRO and all other orders entered before removal remain in full force and effect until dissolved or modified by this Court. OneBOSS files this First Amended Complaint in this Court and does not, by doing so, waive or relinquish the TRO or any other relief previously granted.

13. Prior to removal on October 15, 2026, Defendant EHP was served with process, citation, the original petition, and TRO, through personal delivery on its registered agent in Delaware - Republic Registered Agent, LLC, 262 Chapman Rd., Suite 240, Newark, Delaware 19702.

---

[1] Attached as Exhibit 1 - OneBOSS.IO, Inc's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction.

[2] Attached as Exhibit 2 - Order Granting OneBOSS.IO, Inc's Application for Temporary Restraining Order, Notice of Temporary Injunction hearing

[3] Attached as Exhibit 3 – Bond

[4] Attached as Exhibit 4 – Notice of Removal

14. On October 16, 2026, Defendant Everon was served with process, citation, the original petition, and TRO through personal delivery on its registered agent in Florida - Juan Sastoque, 7895 Grand Canal Dr., Miami, Florida 33144.

15. All Defendants are currently represented by Simon W. Hendershot, III and Philip D. Racusin - Hendershot Cowart P.C., 1800 Bering Dr., Suite 600, Houston, Texas 77057.

## D. Jurisdiction & Venue

16. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because OneBOSS asserts a claim arising under the laws of the United States — the Defend Trade Secrets Act, 18 U.S.C. § 1836, which confers original jurisdiction on the district courts under § 1836(c). This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States: OneBOSS is a citizen of Texas, EHP is a citizen of Delaware and Florida, Essential Health is a citizen of Florida, and Everon is a citizen of Pennsylvania, Florida, and North Carolina. The Court has supplemental jurisdiction over OneBOSS's state-law claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy.

17. This Court has personal jurisdiction over Defendant EHP under Fed. R. Civ. P. 4(k)(1)(A) and the Texas long-arm statute, Tex. Civ. Prac. &

Rem. Code § 17.042, consistent with due process. EHP is subject to specific personal jurisdiction because OneBOSS's claims arise from and relate to EHP's purposeful contacts with Texas, including that EHP (a) contracted with OneBOSS, a Texas company, under the NDA, the SaaS and the MSA; (b) accessed and used OneBOSS's Texas-based, hosted software Solutions; and (c) agreed in the NDA, the SaaS, and the MSA that those agreements are governed by Texas law and that venue lies exclusively in Harris County, Texas, thereby consenting to suit in Harris County.

18. This Court has personal jurisdiction over Defendant Essential Health under the Texas long-arm statute, Texas Civil Practice and Remedies Code § 17.042, and consistent with due process. Essential Health is subject to specific personal jurisdiction because OneBOSS's claims arise from and relate to Essential Health's purposeful contacts with Texas, including that Essential Health accessed and used OneBOSS's Texas-based, hosted software Solutions; and is working in conjunction with EHP that agreed in the NDA, the SaaS, and the MSA that Texas law governs and that venue lies exclusively in Harris County, Texas, thereby consenting to suit in Harris County.

19. This Court has personal jurisdiction over Defendant Everon under the Texas long-arm statute, Texas Civil Practice and Remedies Code § 17.042, and consistent with due process. Everon is subject to specific personal jurisdiction because OneBOSS's claims arise from and relate to Everon's

purposeful contacts with Texas, including that Everon accessed and used OneBOSS's Texas-based, hosted software Solutions; and is working in conjunction with EHP that agreed in the NDA, the SaaS, and the MSA that Texas law governs and that venue lies exclusively in Harris County, Texas, thereby consenting to suit in Harris County.

20. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to OneBOSS's claims occurred in this District, including OneBOSS's performance under the NDA, the SaaS, and the MSA and its operation of the hosted Solutions from its principal place of business in Harris County, Texas. Venue is also proper under 28 U.S.C. § 1441(a) because this District and Division embrace the 129th Judicial District Court of Harris County, Texas, where the action was originally filed and from which it was removed. In addition, EHP agreed in the NDA, the SaaS, and the MSA that venue for disputes arising under those agreements lies exclusively in Harris County, Texas.

## **E. Factual Background**

21. OneBOSS is a Texas software company that develops, hosts, and licenses two proprietary software-as-a-service products: "Census Connect," which automates the extraction of payroll data from third-party payroll systems and generates census files, and "Proposal Engine," which calculates employee health-benefit proposals (together, the "Solutions"). OneBOSS hosts

the Solutions in a logically segregated, multi-tenant environment and does not deliver or disclose the Solutions' source code to its customers. The Solutions are products and services used in, and intended for use in, interstate commerce: OneBOSS hosts and delivers them over the internet to customers and their employer clients located across multiple States, and they draw payroll and benefits data from third-party payroll systems across state lines, including on behalf of EHP, which markets its platform to employers nationwide.

22. The source code, algorithms, models, designs, and know-how underlying the Solutions are proprietary to OneBOSS, derive independent economic value from not being generally known or readily ascertainable by proper means, and constitute trade secrets. OneBOSS takes reasonable measures to keep this information secret, including restricting access through written confidentiality and license agreements, operating a logically segregated multi-tenant environment, and never delivering its source code.

23. EHP is an employer-focused health engagement platform designed to support proactive medicine through personalized Plans of Care, AI-driven engagement, and virtual healthcare access. The company partners with employers nationwide to improve employee health engagement while supporting sustainable benefits strategies. EHP utilizes OneBOSS' software to handle enrollment and payroll implementation and to create a personalized

health roadmap for each employee based on their health profile, lifestyle factors, and potential risk indicators.

**I. Non-Disclosure and Confidentiality Agreement.**

24. OneBOSS and EHP entered into a Non-Disclosure and Confidentiality Agreement effective September 23, 2025 (the "NDA"),[5] signed by Stephen Myers for OneBOSS and by Slava Zatuchny for EHP. The NDA's stated Purpose is the integration and validation of OneBOSS's Census Connect solution with EHP's systems and client accounts.

25. Section 3 of the NDA prohibits EHP from copying, reproducing, reverse engineering, or otherwise using OneBOSS's Confidential Information except as necessary for the Purpose. The NDA defines Confidential Information broadly to include OneBOSS's software, designs, processes, documentation, and know-how, reserves all OneBOSS intellectual property as OneBOSS's sole property, and provides that unauthorized use may cause irreparable harm entitling OneBOSS to injunctive relief in addition to its other remedies.

**II. November 15, 2025 SaaS Agreement.**

26. OneBOSS and EHP are also parties to a SaaS Agreement executed as of November 15, 2025 ("SaaS").[6] It is governed by Texas law, and the

---

[5] Attached as Exhibit 5 - Non-Disclosure and Confidentiality Agreement.

[6] Attached as Exhibit 6 - November 15, 2025 SaaS Agreement

parties agreed that the courts located in Harris County, Texas have exclusive jurisdiction and venue.

27. The November 2025 SaaS Agreement expressly protects OneBOSS's intellectual property and prohibits reverse engineering, and its restrictions extend by their terms to EHP's affiliates and contractors. In Section 8A, EHP and its "Affiliates (including any software companies under common ownership or control) and contractors" agreed that they shall not "(a) reverse engineer, decompile, disassemble, or otherwise attempt to derive the source code, architecture, structure, or underlying ideas of the Services or OneBOSS IP; (b) create, develop, or assist any third party to create or develop any product or service that competes with, replicates, or is derived from the OneBOSS Platform"; or "(c) use outputs, interfaces, or metadata from the Services to build or train a competing platform, application, or AI system." The Agreement defines "Affiliate" to include any entity under common control and any "successor, parent, subsidiary, or acquired entity." Section 8A further provides that unauthorized use or disclosure "will cause irreparable harm" and that "OneBOSS may seek injunctive relief without bond."

28. In Section 4.6, EHP agreed that OneBOSS "shall serve as the exclusive payroll integration platform for all payroll providers used within the EHP ecosystem for which integration is technically feasible and commercially reasonable," and that, except in a narrow interim circumstance, "EHP shall

not use or authorize third-party payroll integrators for providers supported or integrated by OneBOSS." Section 4.6 provides that a material breach "entitles OneBOSS to seek injunctive relief."

**III. Master Software-as-a-Service Agreement.**

29. OneBOSS and EHP are also parties to a Master Software-as-a-Service Agreement and accompanying Order Form, each effective May 7, 2026 (together, the "MSA"),[7] under which EHP subscribed to both Solutions for a fixed initial term of twelve months running into May 2027.

30. Section 2.2(a) of the MSA prohibits EHP, and any third party acting through it, from reverse engineering, decompiling, disassembling, or otherwise attempting to derive the source code, models, or algorithms of the Solutions. Section 2.2(d) further prohibits EHP from using the Solutions to build a competitive product or service. The MSA reserves to OneBOSS all right, title, and interest in the Solutions, including all trade secrets.

31. The MSA treats a breach of Section 2.2 as among its most serious as such breaches are carved out of the MSA's damages exclusion and liability cap, and Section 16.4 provides that such a breach may cause irreparable harm and entitles OneBOSS to seek injunctive relief.

[7] Attached as Exhibit 7 - Master Software-as-a-Service Agreement.

32. The MSA requires EHP to pay a minimum monthly commitment regardless of utilization — $25,000 per month for Census Connect and $15,000 per month for Proposal Engine, totaling approximately $40,000 per month. The MSA contains no right of termination for convenience; EHP may exit only by a sixty-day notice of non-renewal at the end of the term or by termination for cause based on OneBOSS's material, uncured breach. EHP manifested its assent to the MSA by performing under it, including by paying the agreed fees through August 31, 2026.

**IV. EHP's Repudiation of the MSA.**

33. EHP announced that it "decided to stop" using the Solutions and tendered a proposed "Transition and Separation Agreement,"[8] which OneBOSS affirmatively rejected. Through that proposal, EHP declared that no fee would accrue under the MSA after October 31, 2026, and that, beginning in November 2026, it would pay only $5.00 per employee per month in place of the bargained-for minimum of approximately $40,000 per month. EHP's proposal would also shift governing law and venue from Texas and Harris County to Florida.

34. EHP's announced cessation of performance and its unilateral substitution of a nominal fee for the bargained-for minimum, months before

[8] Attached as Exhibit 8 - Transition and Separation Agreement.

the end of the term, are a positive and unconditional refusal to fulfil EHP's remaining obligations under the MSA. OneBOSS has fully performed and remains ready, willing, and able to perform through the end of the term.

35. On October 2, 2026, OneBOSS, through counsel, gave EHP written notice of breach and anticipatory repudiation, demanded written assurances by October 16, 2026, that OneBOSS's confidential information was not being used to build or acquire a competing product, imposed a litigation-hold and preservation demand, and invoked OneBOSS's audit right under Section 5.7 of the MSA.

### V. EHP's reverse engineering of OneBOSS's software programs.

36. Beginning in May 2026 and continuing to the filing of this Amended Complaint, OneBOSS disclosed to EHP, Essential Health, and Everon — under the NDA and the MSA, and solely for the limited purpose of integrating and validating the Solutions — the confidential design, architecture, methods, and know-how underlying the Solutions, including the following:

> (a) At an initial meeting on May 4, 2026, OneBOSS demonstrated to EHP's owners how the Solutions connect to a client's payroll system and automate the extraction and writing of payroll data (including the handling of multi-factor authentication prompts and CAPTCHAs), how OneBOSS's automated agents adapt to new payroll systems, how the Solutions build a census from payroll reports, and how OneBOSS's tax engine derives each

state's rules and cross-checks them against a third-party calculator. EHP issued the MSA three days later.

(b) At EHP's direction, Everon was assigned to integrate the Solutions into EHP's affiliate and employer portals. From May through September 2026, OneBOSS conducted numerous working sessions with EHP, Essential Health, and Everon personnel, walking them through the entire process, including census extraction, proposal generation, the pushing of deduction codes into payroll, the monthly change cycle, the audit, and the embed and API design.

(c) OneBOSS provided EHP, Essential Health, and Everon with its confidential design documents — including the end-to-end lifecycle, process-flow diagrams, whiteboard materials, the implementation schedule, the embed design document, and the browser-capability specification — and later delivered the complete user guides for the stand-alone product. OneBOSS also provisioned administrator and operator accounts for EHP and Everon personnel.

(d) Throughout this period, Everon repeatedly expressed its intention to obtain OneBOSS's output and functionality as raw data and to replicate the Solutions within EHP's own architecture — stating, among other things, that it wanted the census and proposal as raw data rather than finished documents, that the census function must exist on its own internally within EHP, and that Everon could revert to direct payroll APIs and build the user interface itself.

(e) In mid-September 2026, EHP sent personnel from Florida to Everon's offices in Pennsylvania to provide Everon with details of the proposal tool that OneBOSS had created, for the purpose of building a competing substitute for the Solutions. EHP has since begun displaying a simplified proposal tool on its own website.

(f) On September 29, 2026, EHP's Chief Operating Officer told OneBOSS's chief executive that EHP's leadership had directed him to hold off on the work and that EHP did not want OneBOSS communicating directly with EHP's clients. When OneBOSS's chief executive stated that it appeared EHP was attempting to

violate the NDA and to reverse engineer or otherwise recreate the Solutions, EHP's Chief Operating Officer did not deny it.

(g) On September 18, 2026, EHP reset the password on the account through which OneBOSS and EHP had worked, without notice to OneBOSS; on September 23, 2026, EHP's counsel directed that OneBOSS's confidential security and compliance documentation be sent to Everon and a third party; and on September 30, 2026, EHP directed OneBOSS to stop all implementation work. No Defendant has answered OneBOSS's October 2, 2026 demand, and no Defendant has denied that it is reverse engineering or recreating the Solutions.

(h) The conduct described above also violates the November 2025 SaaS Agreement, in which EHP and its affiliated software companies under common ownership or control and its contractors expressly agreed not to use the outputs, interfaces, or metadata of the Services to build or train a competing platform, application, or AI system, or to assist any third party in creating a product that competes with, replicates, or is derived from the OneBOSS Platform.

37. EHP's reverse engineering of the Solutions breaches EHP's express obligations under the NDA, the SaaS, and the MSA and threatens the misappropriation of OneBOSS's trade secrets. Unless EHP is immediately restrained and enjoined, EHP will continue reverse engineering the Solutions, and OneBOSS will suffer immediate and irreparable injury for which there is no adequate remedy at law.

## F. Conditions Precedent

38. All conditions precedent to OneBOSS bringing this action and to OneBOSS's request for relief have been performed or have occurred.

## G. Causes of Action

### I. Count I – Breach of the Non-Disclosure and Confidentiality Agreement.

39. Pursuant to Fed. R. Civ. P. 10(c), OneBOSS re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

40. The NDA is a valid, enforceable contract, signed by both OneBOSS and EHP. OneBOSS performed its obligations under the NDA.

41. EHP breached the NDA. Section 3 of the NDA prohibits EHP from reverse engineering OneBOSS's Confidential Information except as necessary for the limited integration-and-validation Purpose. EHP's reverse engineering of the Solutions falls outside that Purpose and breaches Section 3 and EHP's obligation to use OneBOSS's Confidential Information and reserved intellectual property only as the NDA permits.

42. EHP's breach of the NDA has directly and proximately caused OneBOSS damages within the jurisdictional limits of the Court, and, as alleged above, threatens OneBOSS with irreparable injury for which there is no adequate remedy at law.

### II. Count II – Breach of the November 2025 SaaS Agreement.

43. Pursuant to Fed. R. Civ. P. 10(c), OneBOSS re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

44. The November 2025 SaaS Agreement is a valid, enforceable contract, signed by both OneBOSS and EHP. OneBOSS fulfilled its obligations under it. EHP breached the November 2025 SaaS Agreement. Sections 2.2 and 8A prohibit EHP, and its affiliates (including any software companies under common ownership or control) and contractors, from reverse engineering the Services or OneBOSS IP, from assisting any third party to create a product that competes with, replicates, or is derived from the OneBOSS Platform, and from using the outputs, interfaces, or metadata of the Services to build or train a competing platform, application, or AI system. EHP, acting directly and through its affiliate Everon, engaged in that conduct. EHP separately breached Section 4.6 by using or authorizing a third-party payroll integrator for providers OneBOSS supports, in violation of OneBOSS's contracted-for exclusivity.

45. EHP's breaches of the November 2025 SaaS Agreement have directly and proximately caused OneBOSS damages within the jurisdictional limits of the Court and threaten OneBOSS with irreparable injury for which there is no adequate remedy at law.

### III. Count III – Breach of the Master Software-as-a-Service Agreement.

46. Pursuant to Fed. R. Civ. P. 10(c), OneBOSS re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

47. The MSA is a valid, enforceable contract. EHP manifested its assent to the MSA through its performance, including its subscription to and use of the Solutions and its payment of the agreed fees through August 31, 2026. OneBOSS performed its obligations under the MSA.

48. EHP breached the MSA. EHP's reverse engineering of the Solutions breaches Section 2.2(a), which prohibits reverse engineering, decompiling, disassembling, or deriving the source code, models, or algorithms of the Solutions, and, to the extent EHP is using the Solutions to develop a competing product, also breaches Section 2.2(d). EHP has separately breached the MSA by refusing to pay the minimum monthly fees the MSA requires.

49. EHP's breaches of the MSA have directly and proximately caused OneBOSS damages within the jurisdictional limits of the Court, and EHP's reverse engineering threatens OneBOSS with irreparable injury for which there is no adequate remedy at law.

### IV. Count IV – Anticipatory Repudiation of the Master Software-as-a-Service Agreement.

50. Pursuant to Fed. R. Civ. P. 10(c), OneBOSS re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

51. By announcing that it has "decided to stop" using the Solutions, declaring that no fee would accrue under the MSA after October 31, 2026, and stating that it would pay only $5.00 per employee per month in place of the approximately $40,000 monthly minimum beginning in November 2026, EHP made a positive and unconditional refusal to perform its remaining obligations under the MSA, without just excuse, before performance was due. This conduct is an anticipatory repudiation of the MSA.

52. OneBOSS accepts EHP's repudiation and treats the MSA as presently and totally breached. OneBOSS is entitled to recover the present value of the fees it would have earned over the remainder of the term — on the order of $240,000 to $280,000 before interest, costs, attorneys' fees, and any additional per-client amounts — subject to any mitigation credit EHP proves.

### V. Count V – Misappropriation of Trade Secrets Under TUTSA.

53. Pursuant to Fed. R. Civ. P. 10(c), OneBOSS re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

54. OneBOSS owns trade secrets, including the source code, algorithms, models, designs, and know-how underlying the Solutions. That information derives independent economic value from not being generally known to, or readily ascertainable by proper means by, others who could profit from its use, and OneBOSS has taken reasonable measures under the circumstances to keep it secret, as alleged above.

55. Under the Texas Uniform Trade Secrets Act, Texas Civil Practice and Remedies Code Chapter 134A, reverse engineering is a "proper means" of acquisition only when it is not otherwise prohibited. Because the NDA, the SaaS, and the MSA expressly prohibit EHP from reverse engineering the Solutions and limit EHP's use of OneBOSS's information, EHP's reverse engineering is not a proper means. It is instead acquisition and use by improper means, which the Act defines to include breach or inducement of a breach of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret.

56. EHP has misappropriated, and threatens to continue misappropriating, OneBOSS's trade secrets under Chapter 134A. OneBOSS is entitled to injunctive relief against EHP's actual and threatened misappropriation under Tex. Civ. Prac. & Rem. Code § 134A.003, to recover its actual losses and EHP's unjust enrichment, and, because EHP's

misappropriation is willful and malicious, to exemplary damages and reasonable attorneys' fees under Sections 134A.004 and 134A.005.

### VI. Count VI - Misappropriation of Trade Secrets Under the Defend Trade Secrets Act (18 U.S.C. § 1836).

57. Pursuant to Fed. R. Civ. P. 10(c), OneBOSS re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

58. OneBOSS owns trade secrets, including the source code, algorithms, models, designs, architecture, methods, and know-how underlying the Solutions. OneBOSS has taken reasonable measures to keep this information secret, including written confidentiality and license agreements, a logically segregated multi-tenant hosting environment, and never delivering its source code. The information derives independent economic value, actual and potential, from not being generally known to, or readily ascertainable by proper means by, others who could obtain economic value from its disclosure or use. The trade secrets are related to products and services — the Census Connect and Proposal Engine Solutions — that OneBOSS uses in, and intends for use in, interstate commerce, as alleged above.

59. The Defendants misappropriated OneBOSS's trade secrets by improper means. OneBOSS disclosed the trade secrets to EHP, Essential Health, and Everon in confidence and solely for the limited purpose of

integrating and validating the Solutions, under the NDA and the MSA, each of which imposed a duty to maintain the secrecy of, and to limit the use of, that information. The Defendants acquired, used, and disclosed OneBOSS's trade secrets in breach of, and by inducing the breach of, those duties of confidence — not by any independent or lawful means — in order to replicate the Solutions and to develop a competing product. Under 18 U.S.C. § 1839(6), "improper means" includes breach or inducement of a breach of a duty to maintain secrecy; it does not include reverse engineering or independent derivation accomplished by otherwise lawful means, and the Defendants' conduct was neither.

60. The Defendants' misappropriation has damaged OneBOSS and, unless enjoined, will continue to cause immediate and irreparable injury. Under 18 U.S.C. § 1836(b)(3), OneBOSS is entitled to injunctive relief against actual and threatened misappropriation, to damages for its actual loss and for the Defendants' unjust enrichment (or, in the alternative, a reasonable royalty), and — because the misappropriation is willful and malicious — to exemplary damages of up to twice the amount of its compensatory damages and to its reasonable attorneys' fees.

**<u>H. Damages</u>**

61. Pursuant to Fed. R. Civ. P. 10(c), OneBOSS re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

62. As a direct and proximate result of EHP's breaches of the NDA and the MSA and its anticipatory repudiation of the MSA, OneBOSS has suffered actual damages, including the loss of the benefit of its bargain under the MSA.

63. As a result of the Defendants' misappropriation of OneBOSS's trade secrets, OneBOSS is entitled to recover its actual losses and the Defendants' unjust enrichment caused by the misappropriation, or, in the alternative, a reasonable royalty, under 18 U.S.C. § 1836(b)(3)(B) and Tex. Civ. Prac. & Rem. Code § 134A.004.

64. The Defendants' misappropriation of OneBOSS's trade secrets is willful and malicious. OneBOSS is therefore entitled to exemplary damages under 18 U.S.C. § 1836(b)(3)(C) and Tex. Civ. Prac. & Rem. Code § 134A.004.

## I. Attorneys' Fees

65. Pursuant to Fed. R. Civ. P. 10(c), OneBOSS re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

66. It was necessary for OneBOSS to secure the services of an attorney to prepare and prosecute this suit.

67. OneBOSS is entitled to recover reasonable and necessary attorneys' fees under 18 U.S.C. § 1836(b)(3)(D) for the Defendants' willful and malicious misappropriation of its trade secrets; under Tex. Civ. Prac. & Rem. Code § 134A.005 for the same misappropriation; and under Texas Civil Practice and Remedies Code Chapter 38 and the parties' agreements for its breach-of-contract claims. OneBOSS, through counsel, presented its claims to EHP on October 2, 2026, and EHP did not tender the amount owed within 30 days after the claim was presented.

## <u>J. Application for Preliminary and Permanent Injunction</u>

68. Pursuant to Fed. R. Civ. P. 10(c), OneBOSS re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein. The Declaration of Stephen Myers, attached and incorporated by reference, supports this application.

69. Unless the Defendants are enjoined, EHP, Essential Health, and Everon will continue to reverse engineer, decompile, disassemble, or otherwise attempt to derive the source code, models, or algorithms of the Solutions, to use OneBOSS's Confidential Information and trade secrets to do so, and to use that information to develop a competing product. Once the Defendants rebuild the Solutions from OneBOSS's confidential designs, the secrecy of OneBOSS's trade secrets will be irretrievably lost and OneBOSS will lose its largest customer — harms that cannot be measured or remedied by money damages,

so that OneBOSS has no adequate remedy at law. The threat is immediate and ongoing: the Defendants are actively developing a substitute for the Solutions, EHP has begun displaying a competing proposal tool, and the risk of irreparable loss is heightened because EHP is transitioning to a new internet domain and a newly formed entity that may render any money judgment uncollectible.

70. OneBOSS is entitled to preliminary and permanent injunctive relief under Fed. R. Civ. P. 65 and 18 U.S.C. § 1836(b)(3)(A), and separately under Tex. Civ. Prac. & Rem. Code § 134A.003 and the parties' agreements, in which EHP agreed that unauthorized use or disclosure of OneBOSS's intellectual property would cause irreparable harm and that OneBOSS may seek injunctive relief. OneBOSS is likely to succeed on the merits; it will suffer irreparable harm absent relief; the balance of equities favors OneBOSS because an injunction would require only that the Defendants honor their existing contractual and statutory obligations; and the public interest favors protecting trade secrets and enforcing contracts.

71. OneBOSS requests that the Court preliminarily and, after trial, permanently enjoin the Defendants, and their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the order, from directly or indirectly: (a) reverse engineering, decompiling, disassembling, or otherwise attempting to derive the

source code, models, or algorithms of the Solutions; (b) using OneBOSS's Confidential Information or trade secrets to reverse engineer the Solutions or to develop any product or service that competes with the Solutions; and (c) disclosing OneBOSS's Confidential Information or trade secrets to any third party or affiliate. OneBOSS seeks interim relief by separate motion under Fed. R. Civ. P. 65.

## **<u>K.</u>** **<u>Demand for Jury Trial</u>**

72. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff OneBOSS.IO, Inc. demands a trial by jury on all issues so triable. Plaintiff makes this demand within the 14 day period after service with the Notice of Removal pursuant to Fed. R. Civ. P. 81(c)(3)(B).

## **<u>L.</u>** **<u>Prayer for Relief</u>**

WHEREFORE, PREMISES CONSIDERED OneBOSS.IO, Inc. respectfully requests that EHP, Inc., Essential Health Plan, Inc., and Everon Technologies, LLC be cited to appear and answer herein, and that the Court:

73. Enter a preliminary injunction, and after trial a permanent injunction, enjoining the Defendants, and their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the order, from directly or indirectly: (i) reverse engineering, decompiling, disassembling, or otherwise attempting to derive the source code, models, or algorithms of the Solutions; (ii) using OneBOSS's

Confidential Information or trade secrets to reverse engineer the Solutions or to develop any product or service that competes with the Solutions; and (iii) disclosing OneBOSS's Confidential Information or trade secrets to any third party or affiliate.

74. Enter judgment against the Defendants, jointly and severally, for:

(a) actual damages as requested herein, in an amount to be determined at trial;

(b) OneBOSS's recovery of the Defendants' unjust enrichment, or in the alternative a reasonable royalty, under the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(3)(B), and the Texas Uniform Trade Secrets Act, as requested herein;

(c) exemplary damages under 18 U.S.C. § 1836(b)(3)(C) and Tex. Civ. Prac. & Rem. Code § 134A.004, as requested herein;

(d) attorneys' fees as requested herein;

(e) prejudgment interest from the date of injury through the date of judgment, at the maximum rate allowed by law;

(f) post-judgment interest at the maximum legal rate;

(g) costs of court; and

(h) such other and further relief to which OneBOSS may be entitled in law or equity.

Respectfully submitted,

*<u>/s/ William G. Hagans</u>*
William G. Hagans – Attorney in Charge
State Bar No. 24055612
S.D. Texas ID No. 695531
Robert E. Shuttlesworth

State Bar No. 24033184
S.D. Texas ID No. 29957

**Hagans**
3200 Travis, Fourth Floor
Houston, TX 77006
Telephone - (713) 222-2700
Facsimile – (713) 547-4950
Email: whagans@hagans.law
Email: rshuttlesworth@hagans.law

**Attorneys for Plaintiff OneBOSS.IO, Inc.**

## Verification

The facts stated in Plaintiff's First Amended Complaint and Application for Preliminary Injunction and Permanent Injunction are verified through the Declaration of Stephen Myers, founder and CEO of Plaintiff OneBOSS.IO, Inc.[9]

*/s/ Robert E. Shuttlesworth*
Robert E. Shuttlesworth

[9] Attached as Exhibit 9 – Declaration of Stephen Myers.

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing has been served electronically upon all counsel having appeared in this proceeding on this the 22nd day of October 2026.

Simon W. Hendershot, III
Philip D. Racusin
Hendershot Cowart P.C.
1800 Bering Dr., Suite 600
Houston, TX 77057
trey@hchlawyers.com
pracusin@hchlawyers.com

**Attorneys for Defendants EHP, Inc.,
Essential Health Plan, Inc., and
Everon Technologies, LLC**

*/s/ Robert E. Shuttlesworth*
Robert E. Shuttlesworth