10/12/2026 11:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 121055175
By: Emily Fuentes
Filed: 10/12/2026 11:24 AM
Pgs-7

TRORX
STBNX
CASO

**Cause No.: 2026-76026**

| | | |
|---|---|---|
| **ONEBOSS.IO, INC.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **EHP, INC., ESSENTIAL HEALTH PLAN INC., and EVERON TECHNOLOGIES, LLC,** | § | |
| | § | |
| **Defendants.** | § | **129TH JUDICIAL DISTRICT** |

**Temporary Restraining Order and**
**Order Setting Hearing for Temporary Injunction**

On this date the Court heard the application of Plaintiff OneBOSS.IO, Inc. ("OneBOSS") for a temporary restraining order against Defendants EHP, Inc. ("EHP"), Essential Health Plan, Inc. ("Essential Health"), and Everon Technologies, LLC ("Everon") (collectively, "Defendants"). The application was presented with notice to the Defendants. The Court, after considering OneBOSS's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, the verified facts therein, the Declaration of Stephen Myers, the exhibits on file, any response of the Defendants, the evidence admitted at the hearing, and the arguments of counsel, finds that the application is well-taken and should be in all things **GRANTED**.



* Plaintiff represented notice was given to counsel for Defendant EHP, Inc. and Essential HealthPlan, Inc. who did not appear.

As used in this Order, the "Solutions" means OneBOSS's two proprietary, hosted software-as-a-service products: "Census Connect," which automates the extraction of payroll data from third-party payroll systems and generates census files, and "Proposal Engine," which calculates employee health-benefit proposals. "Confidential Information" means OneBOSS's confidential and proprietary information concerning the Solutions, including their source code, algorithms, models, designs, architecture, methods, and know-how.

In particular, the Court finds the following:

1. OneBOSS provided proper and sufficient notice of this application to the Defendants through their counsel and respective agents, and the Defendants had an opportunity to appear and be heard.

2. OneBOSS has pleaded viable causes of action against the Defendants for breach of contract and misappropriation of trade secrets under the Texas Uniform Trade Secrets Act, and has presented bona fide evidence, including the verified petition and the Declaration of Stephen Myers, tending to sustain its probable right to recover on those claims.

3. The evidence shows that OneBOSS will suffer probable, imminent, and irreparable injury before the temporary injunction hearing if the Court does not issue a temporary restraining order against the Defendants. The Defendants are presently reverse engineering the Solutions and, absent an

order, will continue to do so and to derive OneBOSS's source code, models, and algorithms. Once the Defendants reverse engineer and rebuild the Solutions from OneBOSS's Confidential Information, the secrecy of OneBOSS's trade secrets will be permanently and irretrievably lost and OneBOSS will lose its largest customer. That injury is irreparable because the loss of a trade secret cannot be undone and cannot be measured by any certain pecuniary standard, and because money damages are an inadequate remedy — a concern heightened by evidence that EHP is transitioning to a new internet domain and a newly formed entity, such that any eventual money judgment may be uncollectible.

4. It is necessary to enjoin the Defendants as ordered below to prevent this harm, because it is the Defendants' own conduct — reverse engineering the Solutions, using OneBOSS's Confidential Information to do so and to develop a competing product, and disclosing that information to others — that threatens the irreparable destruction of OneBOSS's trade secrets before the temporary injunction hearing can be held.

It is therefore ORDERED that the Defendants — EHP, Inc., Essential Health Plan, Inc., and Everon Technologies, LLC — and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by

personal service or otherwise, are immediately RESTRAINED, directly or indirectly, from:

(a) reverse engineering, decompiling, disassembling, or otherwise attempting to derive the source code, models, or algorithms of the Solutions;

(b) using OneBOSS's Confidential Information or trade secrets to reverse engineer the Solutions or to develop any product or service that competes with the Solutions; and

(c) disclosing OneBOSS's Confidential Information or trade secrets to any third party or affiliate.

It is further **ORDERED** that this temporary restraining order preserves the status quo — the last actual, peaceable, non-contested status that preceded the Defendants' reverse engineering of the Solutions — pending the hearing on OneBOSS's application for a temporary injunction.

It is further **ORDERED** that, to preserve the status quo and the secrecy of OneBOSS's alleged trade secrets and to permit the parties to develop the record before the temporary injunction hearing, **EXPEDITED DISCOVERY** is authorized under Texas Rules of Civil Procedure 190.4 and 191.1 and shall proceed on the following terms, all subject to the protective order entered below:

(a) **Forensic examination and production of code.** Through a single neutral, independent forensic examiner appointed under this Order (the "Examiner"), and subject to the protective order entered below, the Defendants shall preserve, produce, and make available for forensic examination, and the Examiner shall collect and image: (i) Everon's source-code repositories of OneBOSS's software, code or intellectual property, version-control and commit histories, and development tickets, issue records,

and task-tracking records for any census or proposal product, feature, or tool; and (ii) the source code, scripts, and configuration files behind the proposal tool displayed on EHP's website.* The parties shall confer within three (3) days of this Order and jointly designate the Examiner; if they cannot agree, each side shall submit two nominees within five (5) days of this Order and the Court will appoint the Examiner. The Defendants shall provide the Examiner access within three (3) days of the Examiner's appointment. The Examiner shall make and securely retain a forensic image of all materials collected, shall hold those materials in strict confidence, and shall not disclose any collected material to any person except as expressly permitted by the protective order entered below. The Examiner's reasonable fees and expenses shall be paid initially by OneBOSS, subject to reallocation by the Court.**

(b) **Communications.** Each side may serve three (3) requests for productions on the otherside ~~The Defendants shall produce all communications among EHP, Essential Health, and Everon, and among their respective officers, employees, and agents, concerning OneBOSS, the Solutions, or the design, development, procurement, or display of any product, feature, or tool intended to replace, substitute for, or compete with the Solutions, for the period from May 1, 2026, to the date of this Order. The Defendants shall complete this~~ Each side must respond to the request for. production within seven (7) days of ~~this Order~~ being served.

(c) **Depositions.** ~~OneBOSS~~ Each side may take the two oral deposition~~s~~, each limited to three (3) hours of testimony on the record and each on no fewer than ~~three (3)~~ five (5) days' written notice~~, of: (i) Slava Zatuchny; (ii) EHP's Chief Operating Officer; (iii) Everon's head of development; and (iv) the EHP and Everon personnel who traveled to Everon's offices in Pennsylvania in or about mid-September 2026~~. These depositions shall be completed before the temporary injunction hearing.

It is further **ORDERED**, pursuant to Texas Civil Practice and Remedies Code § 134A.006, under which there is a presumption in favor of granting protective orders to preserve the secrecy of trade secrets, that a **PROTECTIVE ORDER** is entered to preserve the secrecy of OneBOSS's alleged trade secrets as follows. All source code, repositories, commit histories, tickets, communications, forensic images, deposition testimony, and other



* The understanding is that EHP is using OneBOSS's code through their website.

** Defendants may request an emergency hearing to reconsider, amend, or clarify the forensic examination order and protocol if it is unduly burden, onerous or to otherwise bring issues not contemplated by the Court to its attention.

materials and information produced, collected, imaged, or given in the expedited discovery authorized above — including OneBOSS's Confidential Information and any Census Connect or Proposal Engine source code, algorithms, or models disclosed in the course of that discovery — are hereby designated "**CONFIDENTIAL — ATTORNEYS' EYES ONLY**" and shall be subject to this protective order. Access to such materials shall be limited to: (i) the outside attorneys of record for the parties and their paralegal, clerical, and litigation-support staff; (ii) the Examiner and the Examiner's staff; and (iii) independent experts or consultants retained for this action who are not officers, employees, or competitive decision-makers of any party and who first execute a written agreement to be bound by this Order. Absent the parties' agreement or further order of the Court, such materials shall not be disclosed to the Defendants or to any party's officers, directors, or employees. The materials shall be used solely for purposes of this action and not for any business or competitive purpose. Any such materials filed with the Court shall be filed under seal, and the Court may conduct in camera hearings as to the alleged trade secrets. Within thirty (30) days after the final resolution of this action, all designated materials, and all copies and forensic images, shall be returned to the producing party or securely destroyed, except that outside counsel may retain one archival copy subject to the continuing obligations of this Order.

It is further **ORDERED** that the Clerk of the Court issue a writ of injunction to the Defendants in accordance with the terms of this Order.

It is further **ORDERED** that OneBOSS file a bond payable to the Defendants in the amount of $ 500.00 with two or more sureties as security for this temporary restraining order. The bond must be filed and approved by the Clerk of the Court before any writ of injunction may issue pursuant to this temporary restraining order. OneBOSS may post a cash deposit in lieu of a bond under Texas Rule of Civil Procedure 14c.

It is further **ORDERED** that OneBOSS's application for a temporary injunction is set for hearing on the 22nd day of October, 2026 at 1 : 30 p .m. in the 129th Judicial District Court of Harris County, Texas. The purpose of the hearing is to determine whether the Court should issue a temporary injunction against the Defendants as requested by OneBOSS pending a full trial on the merits.

This Order expires on the 26th day of October, 2026, unless extended for good cause shown or by agreement of the parties.

EXECUTED this 12th day of October, 2026, at 1 o'clock p.m.

Signed:
10/12/2026
1:50 PM

Presiding Judge