10/15/2026 8:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 121260730
By: Shanelle Taylor
Filed: 10/15/2026 8:44 PM

**CAUSE NO. 2026-76026**

| | | |
|---|---|---|
| **ONEBOSS.IO, INC.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **EHP, INC., ESSENTIAL HEALTH PLAN, INC., and EVERON TECHNOLOGIES, LLC,** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | **129TH JUDICIAL DISTRICT** |

**DEFENDANTS' NOTICE OF FILING OF NOTICE OF REMOVAL**

TO: The Honorable Judge of the 129th Judicial District Court; Marilyn Burgess, District Clerk of Harris County, Texas; and Plaintiff OneBOSS.IO, Inc., through its counsel of record.

PLEASE TAKE NOTICE that on October 15, 2026, Defendants EHP, Inc., Essential Health Plan, Inc., and Everon Technologies, LLC (collectively, "Defendants") filed their Notice of Removal of this action in the United States District Court for the Southern District of Texas, Houston Division, where it is pending as Civil Action No. 4:26-mc-01948. A true and correct copy of the file-stamped Notice of Removal is attached as **Exhibit A**.

Pursuant to 28 U.S.C. § 1446(d), Defendants file this Notice with the Clerk of this Court and give written notice of the removal to Plaintiff. Under that statute, the filing of the Notice of Removal in federal court, together with the filing of this Notice, "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Accordingly, no further proceedings may be held in this Court in this cause, including the hearing on Plaintiff's application for a temporary injunction previously set for October 22, 2026, at 1:30 p.m.

Defendants file this Notice solely to comply with 28 U.S.C. § 1446(d). This Notice is not a general appearance, an answer, or a request for any affirmative relief from this Court, and Defendants do not consent to the jurisdiction of this Court or of any Texas court over their persons. Defendants file this Notice subject to, and without waiving, their right to file special appearances under Texas Rule of Civil Procedure 120a, their objections to process and service of

process, and every other defense and objection, all of which are expressly reserved. *See Antonio v. Marino*, 910 S.W.2d 624, 629 (Tex. App.—Houston [14th Dist.] 1995, no writ) (filing of notice of removal was not a general appearance and did not waive special appearance). To Defendants' knowledge, no Defendant has been served with citation as of the filing of this Notice, and nothing in this Notice is an acceptance or waiver of service.

Respectfully submitted,

**HENDERSHOT COWART, P.C.**

By: /s/ *Simon W. Hendershot, III*
Simon W. Hendershot, III
State Bar No. 09417200
trey@hchlawyers.com
Philip D. Racusin
State Bar No. 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809
E-Service: EService@hchlawyers.com

**ATTORNEYS FOR DEFENDANTS EHP, INC., ESSENTIAL HEALTH PLAN, INC., AND EVERON TECHNOLOGIES, LLC, APPEARING SPECIALLY AND SUBJECT TO ALL JURISDICTIONAL OBJECTIONS**

## CERTIFICATE OF SERVICE

I certify that on October 15, 2026, a true and correct copy of this Notice, with its exhibit, was served on all counsel of record in accordance with Texas Rule of Civil Procedure 21a through the electronic filing manager, as follows: William G. Hagans (whagans@hagans.law) and Robert E. Shuttlesworth (rshuttlesworth@hagans.law), Hagans, 3200 Travis, Fourth Floor, Houston, Texas 77006, counsel for Plaintiff.

/s/ *Philip D. Racusin*
Philip D. Racusin

4897-6890-5433, v. 3

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Hendershot Cowart P.C. Eservice on behalf of Philip Racusin
Bar No. 24054267
eService@hchlawyers.com
Envelope ID: 121260730
Filing Code Description: Notice
Filing Description: Defendants' Notice of Filing of Notice of Removal
Status as of 10/16/2026 8:08 AM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| William G. Hagans | 24055612 | whagans@hagans.law | 10/15/2026 8:44:31 PM | SENT |
| Robert E.Shuttlesworth | 24033184 | rshuttlesworth@hagans.law | 10/15/2026 8:44:31 PM | SENT |
| Mayra Munoz | | mmunoz@hagans.law | 10/15/2026 8:44:31 PM | SENT |
| Janet Salas | | jsalas@hagans.law | 10/15/2026 8:44:31 PM | SENT |
| Martha Molina | | mmolina@hagans.law | 10/15/2026 8:44:31 PM | SENT |
| Simon W.Hendershot, III | 9417200 | trey@hchlawyers.com | 10/15/2026 8:44:31 PM | SENT |
| Philip Racusin | | PRacusin@hchlawyers.com | 10/15/2026 8:44:31 PM | SENT |
| HC eService | | eService@hchlawyers.com | 10/15/2026 8:44:31 PM | SENT |

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ONEBOSS.IO, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EHP, INC., ESSENTIAL HEALTH PLAN, INC., and EVERON TECHNOLOGIES, LLC,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 4:26-cv-_________** |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants EHP, Inc. ("EHP"), Essential Health Plan, Inc. ("Essential Health"), and Everon Technologies, LLC ("Everon") (collectively, "Defendants") file this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446, and remove this action from the 129th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. Defendants join in this Notice expressly subject to, and without waiving, every defense and objection identified in Part VII below, including their objections to personal jurisdiction, process, and service of process. In support, Defendants respectfully show the following:

## I. THE STATE COURT ACTION

1. On October 9, 2026, Plaintiff OneBOSS.IO, Inc. ("OneBOSS" or "Plaintiff") filed *Plaintiff OneBOSS.IO, Inc.'s Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction* (the "Petition") in the 129th Judicial District Court of Harris County, Texas, styled *OneBOSS.IO, Inc. v. EHP, Inc., Essential Health Plan, Inc., and Everon Technologies, LLC*, Cause No. 2026-76026 (the "State Court Action").

2. The Petition asserts claims for breach of a Non-Disclosure and Confidentiality Agreement dated September 23, 2025 (the "NDA"), breach of a SaaS Agreement dated November 15, 2025 (the "SaaS Agreement"), breach and anticipatory repudiation of a Master

Software-as-a-Service Agreement dated May 7, 2026 (the "MSA"), and misappropriation of trade secrets under the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code ch. 134A ("TUTSA"). (Pet. ¶¶ 37–54.) OneBOSS seeks actual damages, unjust-enrichment damages or a reasonable royalty, exemplary damages, attorney's fees, and temporary and permanent injunctive relief. (Pet. ¶¶ 55–86.) Defendants refer to the NDA, the SaaS Agreement, and the MSA as OneBOSS has pleaded them; Defendants do not concede that EHP assented to or is bound by the MSA, or that any agreement binds Essential Health or Everon.

3. On October 12, 2026, the state court signed a *Temporary Restraining Order and Order Setting Hearing for Temporary Injunction* (the "TRO"), which the state docket records as an order granting a temporary restraining order, an order setting bond, and an order setting hearing. Among other things, the TRO restrains certain conduct, authorizes limited expedited discovery (a forensic examination, three requests for production per side, and two depositions per side), enters a protective order, sets a bond of $500, and by its terms expires on October 26, 2026, unless extended for good cause shown or by agreement of the parties. It set OneBOSS's application for a temporary injunction for hearing on October 22, 2026, at 1:30 p.m. (TRO at 3–7.)

4. To Defendants' knowledge, no Defendant has been served with citation or process in the State Court Action as of the filing of this Notice.[1] The state docket reflects that OneBOSS requested issuance of citation for each Defendant on October 12, 2026, and issuance of service of the TRO on October 13, 2026, but no return of service has been filed. (Ex. B.) No Defendant has filed an answer or any other pleading or motion in the State Court Action.

## II. <u>THIS NOTICE OF REMOVAL IS TIMELY</u>

5. A notice of removal must be filed within thirty days after the defendant's receipt, through service or otherwise, of the initial pleading. 28 U.S.C. § 1446(b)(1). The thirty-day period is triggered by formal service of process, not by a defendant's informal receipt of the petition. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Because no Defendant has been served, the removal period has not begun to run as to any

[1] Shortly before filing this Notice, counsel for Plaintiff wrote an email stating "Per my process server, the citations, original peititon [sic], and TRO were hand delivered today to EHP's Delaware registered agent this afternoon." At this time, counsel did not provide any return or proof of service and none has been filed with the state court.

Defendant. In any event, this Notice is filed fewer than thirty days after the Petition was filed on October 9, 2026. *See* 28 U.S.C. § 1446(b)(1).

## III. THIS COURT HAS DIVERSITY JURISDICTION

6. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different States in which the amount in controversy exceeds $75,000, exclusive of interest and costs. The action is therefore removable under 28 U.S.C. § 1441(a).

7. The party invoking diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of every party. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). A corporation is a citizen of every State in which it is incorporated and of the State where it has its principal place of business, 28 U.S.C. § 1332(c)(1), and the allegations must set forth both. *Getty Oil*, 841 F.2d at 1259. A corporation's principal place of business is its "nerve center," the place where its high-level officers direct, control, and coordinate its activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). A limited liability company, by contrast, is a citizen of every State of which any of its members is a citizen, and the citizenship of every member must be specifically alleged. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). For a natural person, citizenship means domicile, not mere residence. *MidCap*, 929 F.3d at 313–14. In a removed case, complete diversity must exist both when the state-court petition was filed and when the case is removed. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Each of those requirements is satisfied here, both as of October 9, 2026, and as of the filing of this Notice.

### A. Plaintiff Is a Citizen of Texas

8. OneBOSS is a corporation incorporated under the laws of Texas with its principal place of business in Harris County, Texas. OneBOSS so pleads in its Petition (Pet. ¶ 3), and its own agreements identify it as "a Texas corporation" with offices in Houston and Spring, Texas. (Pet. Ex. 2, SaaS Agreement, preamble; Pet. Ex. 3, MSA, preamble.) OneBOSS is therefore a citizen of Texas only.

**B. <u>No Defendant Is a Citizen of Texas</u>**

9. **EHP, Inc.** EHP is a corporation incorporated under the laws of the State of Delaware, as OneBOSS itself alleges. (Pet. ¶ 4.) EHP's principal place of business, the place from which its officers direct, control, and coordinate its activities, is in Jacksonville, Florida, and no owner of EHP, Inc. is domiciled in Texas. OneBOSS likewise alleges that EHP operates from a Florida office and that EHP sent its personnel "from Florida" in the course of the events alleged. (Pet. ¶¶ 8, 34(e).) EHP has no headquarters, office, officer, or employee in Texas. No owner of EHP is domiciled in Texas. EHP is therefore a citizen of Delaware and Florida, and is not a citizen of Texas.

10. **Essential Health Plan, Inc.** Essential Health is a corporation incorporated under the laws of the State of Florida (Fla. Dep't of State Doc. No. P26000041686), as OneBOSS alleges (Pet. ¶ 6). Its principal place of business is 2933 W. Cypress Creek Road, Suite 202, Fort Lauderdale, Florida, the address that its Articles of Incorporation designate as its principal place of business and from which its president and sole officer directs, controls, and coordinates its activities. No owner of Essential Health is domiciled in Texas. Essential Health has no headquarters, office, officer, or employee in Texas. Essential Health is therefore a citizen of Florida only.

11. **Everon Technologies, LLC.** Everon is a limited liability company organized under the laws of the State of Florida (Fla. Dep't of State Doc. No. L26000308099), as OneBOSS alleges (Pet. ¶ 10). Its principal office is 7895 Grand Canal Drive, Miami, Florida 33144, the address that its Articles of Organization designate as its principal office. Everon has no headquarters, office, manager, or employee in Texas. No member of Everon was a citizen of Texas on October 9, 2026, and none is a citizen of Texas today. Everon's members are domiciled in, and are therefore citizens of, Pennsylvania, Florida, and North Carolina only. Everon is therefore a citizen of Pennsylvania, Florida, and North Carolina only, and is not a citizen of Texas.

12. The facts establishing each Defendant's citizenship are within Defendants' personal knowledge and are alleged on that basis, not on information and belief.

## C. Complete Diversity Exists

13. Plaintiff is a citizen of Texas. No Defendant is a citizen of Texas. Complete diversity therefore exists and existed when the Petition was filed. Diversity is determined by the citizenship of all parties named, whether or not they have been served. *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883–84 (5th Cir. 1998). Every named Defendant is diverse from Plaintiff, so the result is the same whether or not any Defendant has been served.

14. The forum-defendant rule does not bar removal. That rule applies only when a defendant "properly joined and served" is "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). No Defendant is a citizen of Texas.

## D. The Amount in Controversy Exceeds $75,000

15. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The removing party may rely on the face of the state-court petition. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Under 28 U.S.C. § 1446(c)(2), the sum demanded in good faith in the initial pleading is deemed to be the amount in controversy. Here, the amount in controversy exceeds $75,000, exclusive of interest and costs, on several independent grounds, each of which appears on the face of the Petition.

16. ***First***, OneBOSS affirmatively pleads that it "seeks monetary relief over $1,000,000 pursuant to Tex. R. Civ. P. 47(c)(4)." (Pet. ¶ 2.) Every amount within that category exceeds the $75,000 threshold more than thirteen times over.

17. ***Second***, on its anticipatory-repudiation claim alone, OneBOSS seeks "the present value of the fees it would have earned over the remainder of the term — on the order of $240,000 to $280,000 before interest, costs, attorneys' fees, and any additional per-client amounts." (Pet. ¶ 50.) OneBOSS alleges a minimum monthly commitment of approximately $40,000. (Pet. ¶ 30.)

18. ***Third***, OneBOSS seeks exemplary damages under TUTSA (Pet. ¶¶ 54, 58), which permits an award of up to twice the damages awarded under subsection (a) for willful and malicious misappropriation proven by clear and convincing evidence, Tex. Civ. Prac. & Rem.

Code § 134A.004(b). OneBOSS also seeks attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, the parties' agreements, and TUTSA. (Pet. ¶¶ 60–61; Tex. Civ. Prac. & Rem. Code § 134A.005.) Exemplary damages and attorney's fees recoverable under the governing law count toward the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 & n.7 (5th Cir. 1998).

19. ***Fourth*****,** OneBOSS seeks temporary and permanent injunctive relief. In an action for injunctive relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *St. Paul Reinsurance*, 134 F.3d at 1252–53. OneBOSS alleges that the conduct it seeks to enjoin threatens the "core of OneBOSS's business," the secrecy of the trade secrets underlying its two software products, and the loss of "its largest customer." (Pet. ¶ 66.) By OneBOSS's own account, the value of the right it seeks to protect far exceeds $75,000.

20. Defendants deny that OneBOSS is entitled to any of the relief it seeks. The amount in controversy, however, is measured by what OneBOSS has placed at issue, and it plainly exceeds $75,000, exclusive of interest and costs.

## IV. THE AGREEMENTS' FORUM PROVISIONS PERMIT, AND DO NOT WAIVE, REMOVAL

21. Each of the three agreements on which OneBOSS sues expressly contemplates litigation in federal court in Harris County. The NDA provides that the parties "consent to exclusive jurisdiction and venue in the state and federal courts located in Harris County, Texas." (Pet. Ex. 1, NDA § 9.) The SaaS Agreement provides that "[t]he state and federal courts located in Harris County, Texas shall have exclusive jurisdiction and venue." (Pet. Ex. 2, SaaS Agreement § 12.) The copy of the MSA provided by Plaintiff in its petition is not fully executed and provides for "the exclusive jurisdiction and venue of the state and federal courts located in Harris County, Texas." (Pet. Ex. 3, MSA § 16.2.)

22. A contractual provision waives the right to remove only if it is a "clear and unequivocal" waiver of that right. *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). Far from waiving removal, each of these provisions expressly names the "federal courts located in Harris County." This Court's Houston Division includes Harris

County, and court for the Houston Division is held at Houston. 28 U.S.C. § 124(b)(2). A provision fixing venue in a county in which a federal courthouse sits permits litigation in that federal court. *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400–02 (5th Cir. 2008); *see also Gulf Coast Pharms. Plus, L.L.C. v. RFT Consulting, Inc.*, 152 F.4th 615 (5th Cir. 2025) (consent to jurisdiction and venue in a county is not a clear and unequivocal waiver of removal, "especially when the governing law provision expressly contemplates that the parties might litigate in federal court"). These provisions are thus unlike a clause conferring exclusive jurisdiction on "the courts *of* Harris County," which refers to the Texas state courts. *See Grand View PV Solar Two, LLC v. Helix Elec., Inc.*, 847 F.3d 255, 258 & n.3 (5th Cir. 2017).

23. Removal to this Court therefore honors, rather than offends, the forum that OneBOSS's own agreements specify. Defendants do not concede that any of the agreements binds them, or that any forum provision confers personal jurisdiction over Essential Health or Everon, neither of which is a party to any of the agreements. *See* Part VII, *infra*.

## V. VENUE AND CONSENT OF ALL DEFENDANTS

24. Venue is proper in this District and Division because the State Court Action is pending in Harris County, Texas, which lies within the Houston Division of the Southern District of Texas. 28 U.S.C. §§ 124(b)(2), 1441(a), 1446(a).

25. All properly joined and served defendants must join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A); *Getty Oil*, 841 F.2d at 1262 & n.11. Because no Defendant has been served, the statute does not yet require any Defendant's consent. *See* 28 U.S.C. § 1446(b)(2)(A). Nevertheless, every Defendant (EHP, Essential Health, and Everon) joins in and consents to this Notice of Removal through its undersigned counsel, who are authorized to do so on behalf of each of them.

## VI. COMPLIANCE WITH REMOVAL PROCEDURES

26. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81 of this Court, the following documents are attached to this Notice of Removal and identified in the accompanying Index of Matters Being Filed (Exhibit A):

(a) all executed process in the case (Exhibit C: none; no return of service has been filed[2]);

(b) the pleadings asserting causes of action, namely the Petition, with its Exhibits 1 through 4 (Exhibits D and D-1 through D-4); no answer or other pleading has been filed;

(c) all orders signed by the state judge, consisting of the TRO signed October 12, 2026, which the state docket records as orders granting the temporary restraining order, setting bond, and setting hearing (Exhibit E);

(d) the state-court docket sheet (Exhibit B);

(e) an index of matters being filed (Exhibit A); and

(f) a list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F).

27. A Civil Cover Sheet (Form JS 44) is filed with this Notice.

28. Promptly after filing this Notice, Defendants will give written notice of the removal to Plaintiff through its counsel of record and will file a copy of this Notice with the Clerk of the District Court of Harris County, Texas, as required by 28 U.S.C. § 1446(d). Upon that filing, the state court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

29. Under 28 U.S.C. § 1450, orders entered in the State Court Action before removal remain in effect until dissolved or modified by this Court. Section 1450 does not, however, give a state-court order greater effect after removal than it would have had in state court, and the Federal Rules of Civil Procedure govern the proceedings after removal. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 435–40 (1974); Fed. R. Civ. P. 81(c)(1).

30. Under *Granny Goose*, a state-court temporary restraining order remains in force after removal no longer than it would have remained in effect under state law, and in no event

[2] *See* Note 1, *supra*.

longer than the limits of Federal Rule of Civil Procedure 65(b), measured from the date of removal. 415 U.S. at 439–40. That rule applies here. The TRO recites that the application was presented "with notice to the Defendants," but its only specific notation of notice refers to counsel for EHP and Essential Health, who did not appear. (Ex. E, TRO at 1 & n.*.)

31. Everon received no notice of the application, did not appear, and has not been served, so the TRO issued without notice as to Everon. *See* Granny Goose, 415 U.S. at 439–40 (ex parte state-court TRO); *id.* at 432 n.7 (applying Rule 65(b) limits even where informal notice was given). In addition, as of October 15, 2026, the state docket reflects no bond on file (Ex. B), although the TRO provides that "[t]he bond must be filed and approved by the Clerk of the Court before any writ of injunction may issue." (Ex. E, TRO at 7.) Defendants dispute the TRO and reserve all rights to move to dissolve or modify it, its expedited-discovery and forensic-examination provisions, its protective order, and its bond, under 28 U.S.C. § 1450, Federal Rule of Civil Procedure 65, and any other applicable authority.

## VII. <u>RESERVATION OF ALL DEFENSES AND OBJECTIONS</u>

32. Defendants file this Notice solely to remove the State Court Action and for no other purpose. Neither this Notice, nor Defendants' joinder in it, nor the filing of the notice required by 28 U.S.C. § 1446(d) in the State Court Action, nor any other act taken in connection with removal, constitutes a general appearance, an acceptance or waiver of service of citation or process, a consent to personal jurisdiction, or a waiver of any defense or objection. A defendant's removal of an action does not waive its right to object to service of process. *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)). Under Texas law, likewise, filing a notice of removal is not a general appearance and does not waive a special appearance. *Antonio v. Marino*, 910 S.W.2d 624, 629 (Tex. App.—Houston [14th Dist.] 1995, no writ).

33. Without limiting the foregoing, each Defendant expressly reserves and preserves, and does not waive: (a) all defenses and objections under Federal Rule of Civil Procedure 12(b), including lack of personal jurisdiction (Rule 12(b)(2)), improper venue (Rule 12(b)(3)), insufficient process (Rule 12(b)(4)), insufficient service of process (Rule 12(b)(5)), failure to state a claim upon which relief can be granted (Rule 12(b)(6)), and failure to join a party (Rule

12(b)(7)); (b) all motions available under Rules 12(e) and 12(f); (c) all rights under Texas Rule of Civil Procedure 120a, including the right to file a special appearance, and under Texas Rule of Civil Procedure 86, in the event of remand; (d) all objections to the TRO, the bond set under it, its expedited-discovery and forensic-examination provisions, and its protective order, and all rights to seek their dissolution or modification; (e) all affirmative defenses, including those arising under the agreements on which OneBOSS sues; and (f) all counterclaims, including claims for attorney's fees under Tex. Civ. Prac. & Rem. Code § 134A.005. Essential Health and Everon, in particular, deny that they are subject to personal jurisdiction in Texas and will present that defense by motion under Rule 12(b)(2).

34. Nothing in this Notice is an admission of any allegation in the Petition or of OneBOSS's entitlement to any relief, and Defendants deny OneBOSS's claims. Defendants reserve the right to amend or supplement this Notice, including under 28 U.S.C. § 1653, and to submit evidence supporting any jurisdictional allegation if it is contested.

## CONCLUSION AND PRAYER

Defendants EHP, Inc., Essential Health Plan, Inc., and Everon Technologies, LLC, subject to and without waiving the defenses and objections reserved above, respectfully give notice that the State Court Action is removed from the 129th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and request such other and further relief to which they may be justly entitled.

Dated: October 15, 2026

Respectfully submitted,

**HENDERSHOT COWART, P.C.**

By: /s/ *Simon W. Hendershot, III*
Simon W. Hendershot, III
Attorney-in-Charge
State Bar No. 09417200
trey@hchlawyers.com
Philip D. Racusin
State Bar No. 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809
E-Service: EService@hchlawyers.com

**ATTORNEYS FOR DEFENDANTS EHP, INC., ESSENTIAL HEALTH PLAN, INC., AND EVERON TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

I certify that on October 15, 2026, I electronically filed the foregoing Notice of Removal, with all attachments, with the Clerk of Court using the CM/ECF system, and that I served a true and correct copy on the following counsel of record for Plaintiff by email and by first-class United States mail, in accordance with Federal Rule of Civil Procedure 5(b):

William G. Hagans (whagans@hagans.law)
Robert E. Shuttlesworth (rshuttlesworth@hagans.law)
Hagans
3200 Travis, Fourth Floor
Houston, Texas 77006
*Counsel for Plaintiff OneBOSS.IO, Inc.*

*/s/ Philip D. Racusin*
Philip D. Racusin

4925-2993-6857, v. 3