**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ONEBOSS.IO, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:26-cv-09201** |
| **EHP, INC., ESSENTIAL HEALTH PLAN, INC., and EVERON TECHNOLOGIES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**Plaintiff OneBOSS.IO, Inc.'s Opposed Emergency Motion to Extend Temporary Restraining Order and Motion to Expedite Consideration**

Plaintiff OneBOSS.IO, Inc. ("OneBOSS") respectfully moves under Fed. R. Civ. P. 65(b)(2) to extend the Temporary Restraining Order entered in this action prior to removal for an additional 14 days, through and including November 9, 2026. Because that order expires on October 26, 2026, OneBOSS also moves under Local Rules 7.3 and 7.4 to expedite consideration of this motion and to shorten the time for any response, so that the Court may rule before the order lapses. In support, OneBOSS shows the following:

## I. Introduction

On October 12, 2026, the 129th Judicial District Court of Harris County, Texas, entered a Temporary Restraining Order (the "TRO") restraining

Defendants from reverse engineering, using, and disclosing OneBOSS's proprietary software and trade secrets.[1] Defendants removed the action to this Court on October 15, 2026.[2] The TRO remains in full force and effect under 28 U.S.C. § 1450, but expires by its own terms on October 26, 2026.[3]

Good cause exists to extend the TRO for a single additional 14-day period. The state-court hearing on OneBOSS's application for a temporary injunction, previously set for October 22, 2026, can no longer proceed due to the removal. Since removal, the parties have been engaged in negotiating a standstill agreement that would preserve the TRO's substantive restraints while they sequence expedited discovery. However, these negotiations have not yet produced a final agreement, and throughout the negotiations, the Defendants have taken the position that any agreement "will not extend or revive the TRO." A brief extension is necessary to preserve the status quo and prevent the irreparable loss of OneBOSS's trade secrets while the parties continue to negotiate, and this Court schedules and hears OneBOSS's forthcoming motion for a preliminary injunction.

---

[1] Attached as Exhibit 1 - Order Granting OneBOSS.IO, Inc's Application for Temporary Restraining Order, Notice of Temporary Injunction hearing, p. 7.

[2] Attached as Exhibit 2 – Defendants' Notice of Removal.

[3] Exhibit 1, p. 7.

Because the TRO expires on October 26, 2026—before this motion would ordinarily be submitted to the Court for decision—OneBOSS also asks the Court to expedite its consideration and shorten the response period so the motion can be decided before the order lapses.

## II. Background

### A. The parties and underlying controversy.

Plaintiff OneBOSS is a Texas software company whose software product, the Solutions, Defendant EHP licensed under an NDA, a SaaS Agreement, and an MSA. Defendants Essential Health and Everon are affiliated entities alleged to be under common ownership/control. OneBOSS alleges Defendants breached those agreements and are reverse engineering the Solutions to build a competing product through Everon, misappropriating OneBOSS's trade secrets under the Texas Uniform Trade Secrets Act.

### B. The Temporary Restraining Order.

After reviewing OneBOSS's Verified Original Petition, the Declaration of Stephen Myers, and the supporting record, the state court found that OneBOSS had pleaded viable claims for breach of contract and misappropriation of trade secrets under the Texas Uniform Trade Secrets Act,

and that OneBOSS would suffer probable, imminent, and irreparable injury absent a restraining order.[4]

The TRO restrains Defendants from: (a) reverse engineering, decompiling, disassembling, or otherwise deriving the source code, models, or algorithms of OneBOSS's "Census Connect" and "Proposal Engine" products (the "Solutions"); (b) using OneBOSS's Confidential Information or trade secrets to reverse engineer the Solutions or develop a competing product; and (c) disclosing OneBOSS's Confidential Information or trade secrets to any third party or affiliate.[5] The TRO preserves the status quo pending a hearing on OneBOSS's application for a temporary injunction, required OneBOSS to post a $500 bond, and provided that it "expires on the 26th day of October 2026, unless extended for good cause shown or by agreement of the parties." [6] OneBoss paid the $500 bond on October 12, 2026.[7]

**C. Removal.**

Defendants removed this action to this Court on October 15, 2026. Under 28 U.S.C. § 1446(d), the state court may "proceed no further," and the temporary-injunction hearing that had been set for October 22, 2026, can no

---

[4] Exhibit 1, p. 2.

[5] Exhibit 1, p. 7.

[6] Exhibit 1, p. 7.

[7] Attached as Exhibit 3 – Clerk's Certificate of Bond.

longer be held in that court. All orders entered before removal, including the TRO, "remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.

**D. The parties' sluggish standstill agreement negotiations.**

Since removal, the parties have exchanged correspondence attempting to negotiate a standstill that would sequence expedited discovery in an orderly manner while preserving the TRO's substantive restraints. On October 15, 2026, Defendants formally proposed a standstill of the TRO's discovery deadlines. On October 16, 2026, OneBOSS agreed in principle to sequence discovery and postpone the forensic examination but made clear that the TRO's substantive restraints on reverse engineering, use, and disclosure "must be continued past October 26th so that the standstill agreement does not extinguish them."

On October 19, 2026, the Defendants agreed in principle to the substantive restraints on reverse engineering, use, and disclosure, but proposed additional terms regarding an ongoing business relationship between OneBOSS and Defendant EHP during the standstill. Negotiating substantive business terms takes time and extending the TRO an additional 14-days keeps all parties in their current negotiation positions. Because the parties have not agreed to preserve the TRO's substantive protections and Defendants decline

to extend the order by agreement, OneBOSS brings this motion to avoid any lapse in its protections.

**E. The ongoing threat of irreparable harm.**

The verified record establishes that Defendants are presently reverse engineering the Solutions and, absent an order, will continue to do so and to derive OneBOSS's source code, models, and algorithms.[8] [9] Once Defendants rebuild the Solutions from OneBOSS's confidential information, "the secrecy of OneBOSS's trade secrets will be permanently and irretrievably lost," OneBOSS will lose its largest customer, and the injury cannot be measured or remedied by money damages. That risk is heightened because EHP is transitioning to a new internet domain and a newly formed entity, "such that any eventual money judgment may be uncollectible." These are the same facts on which the state court found irreparable injury and entered the TRO, and they remain unchanged.

## III. Legal Standard

After removal, the Federal Rules of Civil Procedure govern, and the TRO is treated as an order of this Court. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423,

[8] Attached as Exhibit 4 - Plaintiff OneBOSS.IO, Inc.'s Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction.

[9] Attached as Exhibit 5 – Declaration of Stephen Myers, Founder and CEO of OneBOSS.IO, Inc.

439-41 & n.15, 94 S. Ct. 1113, 1125, 39 L. Ed. 2d 435 (1974). A state-court restraining order entered before removal "remain[s] in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Such an order "remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *Id*. The district court "could extend the restraining order," however, "for good cause shown, under Rule 65(b)." *Id*. The Fifth Circuit has applied the same rule. *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988).

Rule 65(b)(2) provides that a temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65. The rule further provides that "[t]he reasons for an extension must be entered in the record." *Id*. An extension for good cause is limited to a single additional "like period" of up to fourteen days. *Id*.

This Court also controls the timing of motion practice. Under Local Rule 7.3, an opposed motion is submitted to the Court twenty-one days after filing, and under Local Rule 7.4 any response is due by the submission day. The Court may shorten those periods for good cause, which exists where, as here, the relief sought would be mooted before the ordinary submission date.

## IV. Argument & Authorities

### A. Good cause supports a single 14-day extension.

Good cause exists to extend the TRO for one additional 14-day period. The TRO was entered to preserve the status quo pending a hearing on OneBOSS's application for a temporary injunction. That hearing was set for October 22, 2026, but removal has made it impossible to hold in the state court, and no hearing has yet been set in this Court. Through no fault of OneBOSS, the forum changed days before the scheduled hearing, and OneBOSS has had no opportunity to present its application for interim relief to this Court before the TRO's October 26 expiration. A short extension is necessary to bridge the interval until this Court can consider OneBOSS's forthcoming motion for a preliminary injunction.

Courts routinely extend a temporary restraining order for good cause to allow adequate time to prepare for and hold the preliminary-injunction hearing. In *Elepreneurs Holdings, LLC v. Benson*, No. 4:21-CV-00026, 2021 WL 134098 (E.D. Tex. Jan. 14, 2021)), the defendants removed a case one day before the scheduled state-court injunction hearing; the court granted the one-time 14-day extension under Rule 65(b)(2), finding good cause because a preliminary-injunction hearing was approaching, "removal by Defendants should not deprive [plaintiffs] of" the order's protections "before a hearing can be held," and the plaintiffs "need[ed] more time to pursue their motion for a

preliminary injunction in this Court." *Id.* at *2. Likewise, in *Xtria, LLC v. Int'l Ins. All., Inc.*, No. 309-CV-2228-G, 2009 WL 4756365 (N.D. Tex. Dec. 11, 2009)), the court extended a removed state-court TRO under Rule 65(b)(2) where removal had disrupted the discovery schedule and "prevented [the plaintiff] from filing its motion for a preliminary injunction before the expiration of the state court's amended temporary restraining order," holding that "the question before this court is not whether the TRO originally should have issued" but "whether there is good cause for the TRO's extension." *Id.* at *5. The same good cause exists here: removal cut off the October 22nd hearing, and OneBOSS needs a brief extension to present its preliminary-injunction motion to this Court.

The parties' negotiations further support the extension. OneBOSS has negotiated in good faith toward a standstill that would preserve the TRO's substantive restraints while the parties sequence discovery, but the negotiations have not produced a final agreement, and Defendants have declined to extend the TRO by agreement. OneBOSS should not be forced to choose between abandoning the court-ordered protections it obtained and continuing to negotiate; a brief extension preserves those protections while the parties complete their discussions and OneBOSS presents its preliminary-injunction motion.

**B. The restraints should not lapse while trade secrets remain at risk.**

The findings that supported the TRO have not changed. If the Defendants are actively reverse engineering the Solutions, and if they succeed, the secrecy of OneBOSS's trade secrets "will be permanently and irretrievably lost." A trade secret, once disclosed or derived, cannot be restored, and money damages are an inadequate remedy — particularly given evidence that EHP is transitioning to a new domain and a newly formed entity that may render any judgment uncollectible. Allowing the TRO to lapse before this Court can hear OneBOSS's application would expose OneBOSS to precisely the irreparable harm the TRO was entered to prevent. Maintaining the restraints for 14 additional days imposes no cognizable hardship on Defendants, who represent that they are not reverse engineering the Solutions. An order requiring them only to refrain from conduct they disavow preserves the status quo at no legitimate cost.

**C. The extension is limited and the existing bond is adequate.**

OneBOSS seeks a single 14-day extension — the maximum "like period" authorized for a good-cause extension under Rule 65(b)(2) — through November 9, 2026, or until the Court rules on OneBOSS's motion for a preliminary injunction, whichever occurs first. Fed. R. Civ. P. 65. The reasons for the extension are set forth above and should be entered in the record as

Rule 65(b)(2) requires. Fed. R. Civ. P. 65. The $500 bond already posted remains on file and continues to secure the extended order; OneBOSS will post any additional security the Court deems proper.

### D. The Court should expedite consideration so the TRO does not lapse before the Court can rule.

Expedited consideration is warranted. Under Local Rule 7.3, an opposed motion is submitted to the Court twenty-one days after filing, and under Local Rule 7.4 a response is not due until that submission day. Because this motion is filed on October 21, 2026, the ordinary submission date falls in mid-November—weeks after the TRO expires on October 26, 2026. A Rule 65(b)(2) extension cannot be issued once the order has lapsed, so without expedited treatment the very relief this motion seeks would be lost before Defendants' response is even due. That is good cause to shorten the submission and response periods. OneBOSS respectfully requests that the Court shorten Defendants' time to respond and rule on this motion on or before October 26, 2026, on the papers or at a hearing at the Court's earliest convenience. A proposed order granting the extension and an expedited schedule is submitted herewith.

## V. Conclusion & Prayer

For these reasons, OneBOSS respectfully requests that the Court: (1) expedite consideration of this motion and shorten Defendants' time to respond

so that the motion may be decided on or before October 26, 2026; (2) extend the Temporary Restraining Order for an additional fourteen days, through and including November 9, 2026, or until the Court rules on OneBOSS's motion for a preliminary injunction, whichever occurs first; (3) enter in the record the reasons for the extension as required by Fed. R. Civ. P. 65; and (4) grant OneBOSS such other and further relief to which it may be entitled.

Respectfully submitted,

*<u>/s/ Robert E. Shuttlesworth</u>*

William G. Hagans
State Bar No. 24055612
S.D. Texas ID No. 695531
Robert Shuttlesworth
State Bar No. 24033184
S.D. Texas ID No. 29957

**Hagans**
3200 Travis, Fourth Floor
Houston, TX 77006
Telephone - (713) 222-2700
Facsimile – (713) 547-4950
Email: whagans@hagans.law
Email: rshuttlesworth@hagans.law

**Attorneys for Plaintiff OneBOSS.IO, Inc.**

## Certificate of Conference

I certify that counsel for OneBOSS conferred with counsel for Defendants regarding the relief requested in this motion. Defendants have declined to extend the Temporary Restraining Order by agreement and have stated that any standstill agreement "will not extend or revive the TRO."[10] The motion is therefore presented as opposed.

*/s/ Robert E. Shuttlesworth*
Robert E. Shuttlesworth

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing has been served electronically upon all counsel having appeared in this proceeding on this the 22nd day of October 2026.

Simon W. Hendershot, III
Philip D. Racusin
Hendershot Cowart P.C.
1800 Bering Dr., Suite 600
Houston, TX 77057
trey@hchlawyers.com
pracusin@hchlawyers.com

**Attorneys for Defendants EHP, Inc., Essential Health Plan, Inc., and Everon Technologies, LLC**

*/s/ Robert E. Shuttlesworth*
Robert E. Shuttlesworth

[10] Attached as Exhibit 6 – Communications regarding Standstill Agreement, p. 3.