# Exhibit 4

**Cause No.: ____________________**

| | | |
|---|---|---|
| **ONEBOSS.IO, INC.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **EHP, INC., ESSENTIAL HEALTH PLAN INC., EVERON TECHNOLOGIES, LLC,** | § § § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

**Declaration of Stephen Myers**

My name is Stephen Myers. I am over the age of eighteen, of sound mind, and fully competent to make this declaration. I am the founder and Chief Executive Officer of Plaintiff OneBOSS.IO, Inc. ("OneBOSS"). I have personal knowledge of the facts stated in this declaration, and they are true and correct. I make this declaration in support of OneBOSS's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (the "Petition").

1. OneBOSS is a Texas software company. It develops, hosts, and licenses two proprietary software-as-a-service products: "Census Connect," which automates the extraction of payroll data from third-party payroll systems and generates census files, and "Proposal Engine," which calculates employee health-benefit proposals (together, the "Solutions"). OneBOSS hosts the Solutions in a logically segregated, multi-tenant environment and does not deliver or disclose the Solutions' source code to its customers.



SM

2. The source code, algorithms, models, designs, and know-how underlying the Solutions are proprietary to OneBOSS and derive independent economic value from not being generally known to, or readily ascertainable by proper means by, others who could profit from their use. The integration automation and workflows at the heart of the Solutions are the subject of a pending provisional patent application that I filed in January 2026. OneBOSS protects the secrecy of this information by, among other things, binding the parties who are given access to written confidentiality and license agreements, operating a logically segregated multi-tenant environment, and never delivering its source code.

3. On September 23, 2025, OneBOSS and Defendant EHP, Inc. ("EHP") entered into a Non-Disclosure and Confidentiality Agreement (the "NDA"). I signed the NDA for OneBOSS, and Slava Zatuchny signed for EHP. A true and correct copy of the NDA is attached to the Petition. The NDA permits EHP to use OneBOSS's Confidential Information only for the limited purpose of integrating and validating Census Connect, and it prohibits EHP from reverse engineering OneBOSS's Confidential Information.

4. On May 7, 2026, OneBOSS and EHP entered into a Master Software-as-a-Service Agreement and accompanying Order Form (together, the "MSA"), under which EHP subscribed to both Solutions for a fixed twelve-month term running into May 2027. A true and correct copy of the MSA is attached to the Petition. The MSA prohibits EHP, and any third party acting through it, from

reverse engineering, decompiling, disassembling, or deriving the source code, models, or algorithms of the Solutions, and requires EHP to pay a minimum monthly fee of approximately $40,000 regardless of utilization. EHP paid the agreed fees through August 31, 2026.

5. Defendant Everon Technologies, LLC ("Everon") is the software-development company for EHP and Defendant Essential Health Plan, Inc. ("Essential Health"), under common ownership and control as part of the X Benefit Group family of companies. Based on my dealings with them, Everon's developers take their direction from EHP's owners, and EHP directed Everon to integrate the Solutions into EHP's systems.

6. Between May and September 2026, in reliance on the NDA and the MSA and for the purpose of integration and validation, my team and I disclosed to EHP, Essential Health, and Everon the confidential design and operation of the Solutions. This included a demonstration of the Solutions to EHP's owners on May 4, 2026; numerous working sessions walking EHP and Everon personnel through census extraction, proposal generation, the pushing of deduction codes into payroll, the monthly change cycle, the audit, and the embed and API design; the delivery of OneBOSS's confidential design documents and user guides; and the provisioning of administrator and operator accounts for EHP and Everon personnel.

7. I have been told by two EHP employees that, in mid-September 2026, EHP sent personnel from Florida to Everon's offices in Pennsylvania to

give Everon details of the proposal tool that OneBOSS created. Based on this information and on my own observations, I believe EHP and Everon are building a substitute for the Solutions. EHP has begun displaying a simplified proposal tool on its own website.

8 On September 29, 2026, EHP's Chief Operating Officer told me that EHP's leadership had directed him to hold off on the work and that EHP did not want me communicating directly with EHP's clients. When I told him it appeared EHP was trying to violate the NDA and to reverse engineer or recreate the Solutions, he did not deny it. On September 18, 2026, EHP reset the password on the account through which OneBOSS and EHP had worked, without telling OneBOSS. On September 23, 2026, EHP's counsel directed that OneBOSS's confidential security and compliance documentation be sent to Everon and a third party. On September 30, 2026, EHP directed OneBOSS to stop all implementation work.

9. Despite directing OneBOSS to stop work, EHP continues to depend on and use the Solutions while refusing to pay. As recently as this month, EHP's staff requested and received updated proposals for one of EHP's largest clients, and OneBOSS continues to run payroll integrations for EHP's clients. EHP's personnel continue to log in to OneBOSS's platform. EHP has not paid OneBOSS's current invoice, and neither EHP, Essential Health, nor Everon has responded to OneBOSS's October 2, 2026 demand or denied that it is reverse engineering or recreating the Solutions.

10. If EHP, Essential Health, and Everon are not enjoined, OneBOSS will suffer immediate and irreparable harm. Once Everon rebuilds the Solutions from OneBOSS's confidential designs and the information OneBOSS disclosed, the secrecy of OneBOSS's trade secrets will be permanently and irretrievably lost, and OneBOSS will lose its largest customer. These harms cannot be measured or repaired by an award of money damages. The risk is heightened because EHP is transitioning to a new internet domain and a newly formed entity, so any eventual money judgment may be uncollectible. For these reasons, injunctive relief is necessary to preserve the status quo and to prevent the irreversible destruction of OneBOSS's trade secrets.

My name is Stephen Myers, my date of birth is January 9, 1979, and my address is 15911 Champion Drive, Spring, Texas 77379, United States. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, State of Texas, on the 9th day of October 2026.

Stephen Myers