Hendershot Cowart P.C.

PHILIP D. RACUSIN
Shareholder
PRacusin@hchlawyers.com

1800 Bering Drive
Suite 600
Houston, Texas 77057
P 713.783.3110
F 713.783.2809

October 15, 2026

**VIA EMAIL ONLY (whagans@hagans.law; rshuttlesworth@hagans.law)**

William G. Hagans
Robert E. Shuttlesworth
Hagans
3200 Travis, Fourth Floor
Houston, Texas 77006

**Re: *OneBOSS.IO, Inc. v. EHP, Inc., Essential Health Plan, Inc., and Everon Technologies, LLC*; Cause No. 2026-76026; 129th Judicial District Court of Harris County, Texas; Proposed Standstill on the Expedited-Discovery Provisions of the October 12, 2026 Temporary Restraining Order**

Dear Mr. Hagans and Mr. Shuttlesworth:

This firm represents EHP, Inc. ("EHP"), Essential Health Plan, Inc. ("Essential Health"), and Everon Technologies, LLC ("Everon") in connection with this matter. Please direct all further communications about it to the undersigned. We write about the expedited-discovery provisions of the Temporary Restraining Order signed October 12, 2026 (the "TRO"), and to propose a short standstill so that those provisions can be addressed in an orderly way rather than on a three-, five-, and seven-day clock.

At the outset, this letter is sent subject to, and without waiving, every defense and objection available to our clients, including their objections to personal jurisdiction, to process, and to service of process, and Essential Health's and Everon's right to contest personal jurisdiction by special appearance or by motion.

None of our clients has been served with citation. That said, I acknowledge Mr. Shuttlesworth's email of 5:08 p.m. today in which you represented that EHP, Inc.'s Delaware registered agent had been hand served this afternoon. We have not seen any return of service for any client.

Richard Bolko is not counsel of record for any of our clients in this action and is not authorized to accept service, notice, or discovery on behalf of any of them. Everon in particular received no notice of the October 12 hearing; the TRO itself recites only OneBOSS's representation that notice was given to counsel for EHP and Essential Health. (TRO at 1 n.*.) Nothing in this letter is an appearance in the action, an acceptance or waiver of service, a consent to jurisdiction, an acknowledgment of the validity or enforceability of the TRO, or an admission of any allegation in the Petition.

**Forensic examination.**

Our clients do not agree to a forensic examination, to the nomination or designation of an examiner, or to any examination protocol, and they reserve all objections to paragraph (a) of the TRO. That paragraph is directed to Everon, which has no contract with OneBOSS, received no notice of the hearing, and has not been served.

As signed, it reaches only "Everon's source-code repositories of OneBOSS's software, code or intellectual property." (TRO at 4.) Neither EHP nor Everon has ever had access to OneBOSS's source code and no OneBOSS code is in Everon's repositories, which is consistent with your client's own sworn allegations that it "does not deliver or disclose the Solutions' source code to its customers" and protects its secrets by "never delivering its source code." (Pet. ¶¶ 19–20.) The TRO expressly contemplates that the examination order and protocol may be reconsidered, amended, or clarified if they are unduly burdensome or raise issues the Court did not contemplate (TRO at 5 n.**), and our clients intend to seek that relief if necessary.

**Requests for production.**

On October 13, OneBOSS sent nine requests for production, three to each of our clients, each demanding production "not more than 5 days after service." The TRO allows each side to serve three requests for production on the other side and requires responses within seven days of service. (TRO at 5.) The requests therefore exceed the number the TRO allows, demand responses sooner than it permits, and were directed to parties that had not been served with citation or appeared. Our clients do not regard the requests as properly served, and they reserve all objections to them. We ask that OneBOSS withdraw the requests.

**Depositions.**

Today, Mr. Shuttlesworth emailed Mr. Bolko notices of the depositions of EHP's corporate representative on Tuesday, October 20, and of Mardy R. Gould on Wednesday, October 21. For the reasons stated above, the notices were not served on EHP. Mr. Shuttlesworth then emailed the deposition notices and other documents to me and Mr. Hendershot at 5:08 p.m.

The deposition notices are also captioned in the 152nd Judicial District Court, identify Everon as "Everon Technologies, Inc.," and set out twenty-two topics, many of which concern corporate ownership and structure rather than any issue to be heard on a temporary injunction. Mr. Gould is no longer affiliated with EHP, and EHP does not control his attendance. Our clients object to both notices and reserve all objections to them, and neither deposition should go forward while the standstill proposed below is in effect.

**Proposed standstill.** To avoid unnecessary motion practice, we propose that the parties agree as follows:

1. All deadlines and obligations under the TRO's expedited-discovery provisions, including the designation, nomination, and appointment of an examiner, examiner access and any collection or imaging, responses to the requests for production dated October 13, 2026, and the depositions noticed on October 15, 2026, are suspended until the earlier of (a) a further written agreement of the parties or (b) an order of the court in which the action is then pending setting a schedule or protocol for any such discovery.

2. During the standstill, each side will preserve all documents, electronically stored information, source code, repositories, version-control and commit histories, development tickets, and task-tracking records relating to the subject matter of the Petition. OneBOSS will likewise preserve the source code and other materials embodying each trade secret it claims.

3. OneBOSS will not seek to enforce, or to hold any party in contempt under, the TRO's expedited-discovery provisions while the standstill is in effect.

4. This agreement does not extend the TRO, does not expand or concede the validity of its restraints, and does not waive or affect any party's rights, defenses, or objections, including objections to personal jurisdiction, process, and service of process. It is not an agreement by any of our clients to a forensic examination, an examiner, or any examination protocol, and it is not an appearance by any of our clients in any court.

5. Either side may file this agreement with the court in which the action is pending, as an agreement under Texas Rule of Civil Procedure 11 or as a stipulation under the rules that then govern the action.

If OneBOSS agrees, please sign below and return a copy by email by 12:00 p.m. on Friday, October 16, 2026.

If OneBOSS will not agree, or proposes different terms, please let us know by the same time so that our clients can seek appropriate relief. We would welcome a call tomorrow morning if that would be useful.

Very truly yours,

Philip D. Racusin
State Bar No. 24054267
pracusin@hchlawyers.com
Direct: (713) 783-3110

cc: Simon W. Hendershot, III (via email)

**AGREED:**

_______________________________________
William G. Hagans / Robert E. Shuttlesworth
Hagans
Counsel for Plaintiff OneBOSS.IO, Inc.

Date: _____________________, 2026

4899-9317-1929, v. 2

**From:** Philip Racusin
**To:** Robert E. Shuttlesworth
**Cc:** William Hagans; 4917-3871-1769@mail.vault.netdocuments.com; Trey Hendershot; Taylor Wood
**Subject:** Re: Depositions
**Date:** Monday, October 19, 2026 6:50:52 PM

Robert,

We'll get back to you on this. I wasn't aware you had called and was on the phone for a while today.

Once I have a chance to speak with my client about this, we can discuss or I will respond to your email.

Thank you,

Philip

**Philip Racusin**
Hendershot Cowart P.C.

**P:** 713.783.3110 | **F:** 713.783.2809

---

**From:** Robert E. Shuttlesworth <rshuttlesworth@hagans.law>
**Sent:** Monday, October 19, 2026 2:01 PM
**To:** Philip Racusin <pracusin@hchlawyers.com>
**Cc:** William Hagans <WHagans@hagans.law>; 4917-3871-1769@mail.vault.netdocuments.com <4917-3871-1769@mail.vault.netdocuments.com>; Trey Hendershot <trey@hchlawyers.com>; Taylor Wood <twood@hchlawyers.com>
**Subject:** RE: Depositions

Philip,

I just called you a couple times to discuss but could not leave a message.

The depositions, written discovery responses, and forensic examination are postponed while we negotiate. Defendants' reservations regarding service and jurisdiction are also noted and need no longer clutter up the remaining negotiations on this standstill agreement.

I believe we will come to mutually agreeable terms on the bulk of the items raised by the parties. However, I need some clarification on Paragraph 4, point 1 – *uninterrupted service to EHP*. The chain of events leading us here

starts with EHP notifying OneBOSS that the Contract was over (whichever contract existed at that time). EHP's proposal was the Transition Agreement ("TA"). OneBOSS rejected the TA and moved to enforce the unaltered May 2026 MSA. Then OneBOSS filed suit for anticipatory repudiation, effectively ending the May 2026 MSA. Further, EHP is past due in payments to OneBOSS. How do you propose OneBOSS' continued service?

Respectfully,

**Robert E. Shuttlesworth**
Attorney at Law

HAGANS
3200 Travis, Fourth Floor
Houston, TX 77006
T: 713-222-2700
F: 832-201-7456
rshuttlesworth@hagans.law

---

**From:** Philip Racusin <pracusin@hchlawyers.com>
**Sent:** Monday, October 19, 2026 12:05 PM
**To:** Robert E. Shuttlesworth <rshuttlesworth@hagans.law>
**Cc:** William Hagans <WHagans@hagans.law>; 4917-3871-1769@mail.vault.netdocuments.com; Trey Hendershot <trey@hchlawyers.com>; Taylor Wood <twood@hchlawyers.com>
**Subject:** Re: Depositions

Robert,

I appreciate your willingness to sequence deadlines in an orderly way and write further to our email exchange of October 16, 2026.

Our clients have reviewed your proposal, and this email sets out their response.

As before, everything here is subject to, and without waiver of, Defendants' defenses and objections, including Essential Health's and Everon's objections to personal jurisdiction and each Defendant's objections to process and service. Essential Health and Everon have not been served, and EHP does not concede that OneBOSS's attempted service on it was valid; nothing in this email or in any resulting agreement is an acceptance or waiver of service by any Defendant. We likewise note OneBOSS's reservation of its right to seek remand.

Essential Health and Everon have not been served, and EHP does not concede that OneBOSS's attempted service on it was valid; nothing in this email or in any resulting agreement is an acceptance or waiver of service by any Defendant.

**1. What is already agreed**

As I read your email, we agree on the following now, regardless of how long it takes to document the remaining terms:

- The depositions noticed for October 20 and 21 will not go forward. We will confer later about whether, when, and on what topics any depositions should take place.
- Defendants' responses to OneBOSS's requests for production are postponed to a date we will agree on.
- The forensic examination is postponed, and the TRO's related deadlines, including those for designating or nominating an examiner and providing access, are suspended while we finalize terms.

We read the TRO's limit on requests for production differently than you do, but with responses postponed there is no need to resolve that now, and both sides reserve their positions. *Please confirm these three points by reply so that neither side is exposed to a deadline while we work out the rest.*

**2. Preservation and imaging**

Defendants are preserving the relevant code repositories, documents, and communications.

To meet your condition on postponing the forensic examination, Everon will have its relevant source-code repositories forensically imaged by an independent vendor that Defendants retain, with the vendor to be retained within five business days after the letter agreement described below is signed.

The vendor will hash and hold the images, and no one, including OneBOSS, will have access to them absent written agreement or court order.

*We ask that OneBOSS confirm that it is likewise preserving and imaging its own source code and version history, the materials it contends are trade secrets, and its communications with EHP and with EHP's clients.*

**3. The restrictions after October 26**

Our clients are not reverse engineering OneBOSS's products, and they are willing to commit to that in writing for a defined period. They will enter into a short letter agreement between counsel, rather than an agreed injunction, on the following terms:

1. Defendants will not reverse engineer, decompile, disassemble, or otherwise attempt to derive the source code, models, or algorithms of OneBOSS's Census Connect and Proposal Engine products. This tracks paragraph (a) of the TRO.
2. Defendants will not use OneBOSS's non-public source code or non-public technical

documentation for those products to develop a competing product, and will not disclose that material to any third party.

3. These restrictions will not apply to independently developed technology; information that is publicly available or was known to Defendants before OneBOSS disclosed it; EHP's and its clients' own data; the general skills, knowledge, and experience of Defendants' personnel; Defendants' use of commercially available third-party products and services; or the transition of EHP's clients to another platform.

4. The agreement will run through November 30, 2026, or until the Court rules on any motion for a preliminary injunction, whichever comes first, unless the parties agree in writing to extend it.

5. The agreement will not be an admission that any information is confidential or a trade secret, or that the TRO was properly issued, and it will not be admissible for any purpose other than its enforcement.

6. Essential Health and Everon will sign subject to their objections to personal jurisdiction, process, and service of process, and signing will not be an appearance, an acceptance or waiver of service, or a waiver of any defense.

We cannot agree to carry forward the TRO's definition of "Confidential Information," which reaches OneBOSS's "designs, architecture, methods, and know-how." That language could be read to cover general industry knowledge and EHP's own processes, and it would leave both sides guessing about what the agreement prohibits. The terms above give OneBOSS the protection it has asked for; namely, that Defendants will not reverse engineer its products or use its code.

**4. What we ask in return**

- During the term of the agreement, OneBOSS will continue to provide uninterrupted service to EHP's current clients, so that those clients are not harmed while this dispute is pending and can be transitioned in an orderly way.
- During the same period, OneBOSS and its personnel will not communicate with EHP's clients about this lawsuit or about EHP's payment status, and will not make disparaging statements about any Defendant. We understand that Mr. Myers has already emailed at least two EHP clients stating that EHP is in payment default and that OneBOSS has sued EHP, and that both clients have since tried to cancel with EHP. That needs to stop whether or not we reach agreement, and our clients reserve all rights with respect to it.
- By November 6, 2026, OneBOSS will identify with reasonable particularity each trade secret it contends Defendants misappropriated, so that both sides know what the agreement protects.
- OneBOSS will agree to extend EHP’s deadline to answer, move, or otherwise respond to the Petition to November 30, 2026, without waiver of any defense, including EHP’s objections to process and service, and will not oppose the filing of an agreed motion to that effect. If OneBOSS later serves Essential Health or Everon, it will agree to the same extension for that Defendant.

**5. Reservations**

Nothing in this proposal or in the letter agreement will waive OneBOSS's right to seek remand or any Defendant's defenses, objections, claims, or counterclaims, and neither will be an acceptance or waiver of service by any Defendant. The agreement will not extend or revive the TRO, which expires by its terms on October 26.

As a courtesy, I also want to let you know that we will shortly file an amended notice of removal. Among other things, it names Everon's members, updates the status of service, and corrects our original notice's statement about the bond in light of the clerk's cash-deposit certificate, which did not appear on the state docket when we filed and which we first saw there on October 16. We will file Defendants' Rule 7.1 disclosure statement and certificate of interested parties at the same time.

If these terms are acceptable in principle, I will circulate a draft letter agreement promptly. I am glad to discuss any of this by phone; please let me know a convenient time.

Regards,

Philip

**Philip Racusin**
Hendershot Cowart P.C.

**P:** 713.783.3110 | **F:** 713.783.2809

---

**From:** Philip Racusin <pracusin@hchlawyers.com>
**Sent:** Friday, October 16, 2026 1:23 PM
**To:** Robert E. Shuttlesworth <rshuttlesworth@hagans.law>; Taylor Wood <twood@hchlawyers.com>; Trey Hendershot <trey@hchlawyers.com>
**Cc:** William Hagans <WHagans@hagans.law>; 4917-3871-1769@mail.vault.netdocuments.com <4917-3871-1769@mail.vault.netdocuments.com>
**Subject:** Re: Depositions

Robert,

Thanks for your response before noon today.  We are reviewing and will get back to you.

**Philip Racusin**
Hendershot Cowart P.C.

**P:** 713.783.3110 | **F:** 713.783.2809

---

**From:** Robert E. Shuttlesworth <rshuttlesworth@hagans.law>
**Sent:** Friday, October 16, 2026 11:23 AM
**To:** Philip Racusin <pracusin@hchlawyers.com>; Taylor Wood <twood@hchlawyers.com>; Trey Hendershot <trey@hchlawyers.com>
**Cc:** William Hagans <WHagans@hagans.law>
**Subject:** RE: Depositions

Philip,

Thank you for reaching out and for your October 15, 2026, correspondence. Subject to OneBOSS.IO, Inc.'s right to seek remand, I am happy to negotiate and to establish reasonable terms.

We agree that the TRO can be sequenced in an orderly way rather than its three-, five-, and seven-day clocks and are prepared to postpone the forensic examination and to negotiate the timing and scope of the written discovery and depositions. Please note that OneBOSS propounded only three distinct requests, served identically on all three Defendants — not nine different requests. Serving the same three requests on each of the three defendants is simply the mechanism of serving that side. The Order contemplates this by stating "each side must respond to the request[s]."

Setting that disagreement aside, the main sticking point to the proposed standstill is that the Order's substantive restraints regarding reverse engineering are not included. Paragraphs (a) through (c) — the prohibitions on reverse engineering, decompiling, or otherwise deriving the source code, models, or algorithms of the Solutions; on using OneBOSS's Confidential Information or trade secrets to reverse engineer the Solutions or to develop a competing product; and on disclosing that information to any third party or affiliate — should be accounted for in any standstill agreement and must be continued past October 26th so that the standstill agreement does not extinguish them. The defendants' position thus far is that they are not reverse engineering because they do not have the source code or other materials necessary to reverse engineer. If that is the case, then extending these prohibitions should not be an issue.

As to the forensic examination, OneBoss can agree to postponement conditioned on immediate preservation and imagining.

OneBoss can agree that the depositions noticed for October 20th and 21st need not go forward as scheduled and will confer with you in good faith on

mutually workable dates and topic areas.

OneBoss can agree that responses to its written discovery can be postponed and will confer with you in good faith as to a reasonable response date.

I am happy to discuss further at your convenience. I look forward to working with you.

Respectfully,

**Robert E. Shuttlesworth**
Attorney at Law

HAGANS
3200 Travis, Fourth Floor
Houston, TX 77006
T: 713-222-2700
F: 832-201-7456
rshuttlesworth@hagans.law

---

**From:** Philip Racusin <pracusin@hchlawyers.com>
**Sent:** Thursday, October 15, 2026 9:17 PM
**To:** Robert E. Shuttlesworth <rshuttlesworth@hagans.law>; William Hagans <WHagans@hagans.law>
**Cc:** 4917-3871-1769@mail.vault.netdocuments.com; Taylor Wood <twood@hchlawyers.com>; Trey Hendershot <trey@hchlawyers.com>
**Subject:** Re: Depositions

Robert,

Thank you for your email.

Please find attached hereto a letter regarding our clients' positions and a proposal for an agreed standstill.

Also, please find linked hereto, a copy of the Notice of Removal filed today in the Federal Court for the Southern District of Texas: https://acrobat.adobe.com/id/urn:aaid:sc:VA6C2:94bbb139-3637-43cb-83c5-c190057d492c

We have also filed and e-served notice of the same in the 129th JDC of Harris County.

Regards,

Philip

**Philip Racusin**
Hendershot Cowart P.C.

**P:** 713.783.3110 | **F:** 713.783.2809

---

**From:** Robert E. Shuttlesworth <rshuttlesworth@hagans.law>
**Sent:** Thursday, October 15, 2026 5:06 PM
**To:** Philip Racusin <pracusin@hchlawyers.com>; Trey Hendershot <trey@hchlawyers.com>
**Cc:** William Hagans <WHagans@hagans.law>
**Subject:** RE: Depositions

Philip and Trey:

To catch you up, the following documents are in circulation:

1. OneBOSS.IO, Inc's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction;
2. Order Granting OneBOSS.IO, Inc's Application for Temporary Restraining Order, Notice of Temporary Injunction hearing;
3. Plaintiff's Expedited Requests for Production to Defendant EHP, Inc.
4. Plaintiff's Deposition Notice - EHP Corporate Representative
5. Plaintiff's Deposition Notice - Mardy R. Gould

Per my process server, the citations, original peititon, and TRO were hand delivered today to EHP's Delaware registered agent this afternoon. The hearing on the TI is set for Thursday, October 22 at 1:30 p.m.

Happy to discuss the case and scheduling when you are up to speed.

Respectfully,

**Robert E. Shuttlesworth**
Attorney at Law

HAGANS

3200 Travis, Fourth Floor
Houston, TX 77006
T: 713-222-2700
F: 832-201-7456
rshuttlesworth@hagans.law

---

**From:** Richard Bolko <richard@bolkolaw.com>
**Sent:** Thursday, October 15, 2026 4:43 PM
**To:** Robert E. Shuttlesworth <rshuttlesworth@hagans.law>
**Cc:** pracusin@hchlawyers.com; trey@hchlawyers.com
**Subject:** RE: Depositions

Robert,

EHP is now represented by Philip Racusin and Trey Hendershot at HCH Lawyers (copied). Please direct the deposition notices and all further communications on this matter to them: pracusin@hchlawyers.com, 713-783-3110.

Richard

---

**From:** Robert E. Shuttlesworth <rshuttlesworth@hagans.law>
**Sent:** Thursday, 15 October 2026 17:06:27
**To:** Richard Bolko <richard@bolkolaw.com>
**Subject:** Depositions - Cause No.: 2026-76026; OneBOSS.IO, Inc. v. EHP, Inc., et al., In the 129th Judicial District Court of Harris County, Texas

Richard,

Due to the fast-approaching TI hearing date, attached please find Plaintiff's deposition notices: (1) EHP, Inc.'s Corporate Representative; and (2) Mardy R. Gould.

If the dates, times, or topics need to be adjusted, please let me know.

Respectfully,

**Robert E. Shuttlesworth**
Attorney at Law

HAGANS
3200 Travis, Fourth Floor
Houston, TX 77006

T: 713-222-2700
F: 832-201-7456
rshuttlesworth@hagans.law
http://www.hagans.law

Confidential Communication
This message is sent by a law firm and may contain information that is privileged or confidential. If you believe you received this e-mail in error, please notify the sender immediately and delete the message and any attachments without copying or disclosing it.