**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ONEBOSS.IO, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:26-cv-09201** |
| **EHP, INC., ESSENTIAL HEALTH PLAN, INC., and EVERON TECHNOLOGIES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**Order Granting Plaintiff's Opposed Emergency Motion to Extend Temporary Restraining Order and Motion to Expedite Consideration**

Before the Court is Plaintiff OneBOSS.IO, Inc.'s ("OneBOSS") Opposed Emergency Motion to Extend Temporary Restraining Order and Motion to Expedite Consideration (the "Motion"). Having considered the Motion, any response, and the record, the Court finds that the Motion should be, and it is, **GRANTED**.

The Court makes the following findings and, as required by Federal Rule of Civil Procedure 65(b)(2), enters the reasons for the extension in the record:

1. On October 12, 2026, the 129th Judicial District Court of Harris County, Texas, entered a Temporary Restraining Order (the "TRO") restraining Defendants from reverse engineering, using, and disclosing

OneBOSS's proprietary software and trade secrets. The action was removed to this Court on October 15, 2026, and the TRO remained in full force and effect under 28 U.S.C. § 1450. By its own terms, the TRO expires on October 26, 2026.

2. The hearing on OneBOSS's application for a temporary injunction, previously set in state court for October 22, 2026, could not proceed because of the removal, and no such hearing has yet been set in this Court. Through no fault of OneBOSS, the TRO would expire before OneBOSS could present its application for interim relief to this Court.

3. The verified record reflects that the secrecy of OneBOSS's trade secrets would be permanently and irretrievably lost if the restraints lapse, and that such injury could not be adequately remedied by money damages. A brief extension is necessary to preserve the status quo pending this Court's consideration of OneBOSS's forthcoming motion for a preliminary injunction.

4. Because the TRO expires on October 26, 2026, and an extension under Rule 65(b)(2) cannot issue once the order has expired, good cause exists under Local Rules 7.3 and 7.4 to shorten the time for any response and to decide the Motion on an expedited basis. This extension is a single "like period" of no more than fourteen days, as Rule 65(b)(2) permits.

Accordingly, it is **ORDERED** as follows:

1. The request to expedite is **GRANTED**. Any response to the Motion shall be filed on or before__________________________ and the Motion is

deemed submitted as of that date, notwithstanding the ordinary submission period under Local Rule 7.3.

2. The TRO is **EXTENDED** through and including November 9, 2026, or until the Court rules on OneBOSS's motion for a preliminary injunction, whichever occurs first. During the extension, Defendants EHP, Inc., Essential Health Plan, Inc., and Everon Technologies, LLC, and their officers, agents, servants, employees, and attorneys, and those in active concert or participation with them, remain restrained from: (a) reverse engineering, decompiling, disassembling, or otherwise deriving the source code, models, or algorithms of OneBOSS's "Census Connect" and "Proposal Engine" products (the "Solutions"); (b) using OneBOSS's Confidential Information or trade secrets to reverse engineer the Solutions or develop a competing product; and (c) disclosing OneBOSS's Confidential Information or trade secrets to any third party or affiliate.

3. The $500 bond previously posted by OneBOSS shall remain on file and continue to secure the extended order, subject to any additional security the Court may later require.

4. The reasons for this extension, set forth above, are entered in the record in accordance with Federal Rule of Civil Procedure 65(b)(2).

SIGNED this _____ day of _______________, 2026.

______________________________
Judge Presiding