**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ONEBOSS.IO, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **4:26-cv-09201** |
| **EHP, INC., ESSENTIAL HEALTH** | § | |
| **PLAN, INC., and EVERON** | § | |
| **TECHNOLOGIES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER DENYING PLAINTIFF'S OPPOSED EMERGENCY MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Before the Court is Plaintiff OneBOSS.IO, Inc.'s Opposed Emergency Motion to Extend Temporary Restraining Order and Motion to Expedite Consideration (Dkt. 5) (the "Motion"). Having considered the Motion, Defendants' response, the record, and the applicable law, the Court finds that Plaintiff OneBOSS.IO, Inc. ("OneBOSS") has not shown good cause under Federal Rule of Civil Procedure 65(b)(2) to extend the Temporary Restraining Order and Order Setting Hearing for Temporary Injunction signed on October 12, 2026, by the 129th Judicial District Court of Harris County, Texas, in Cause No. 2026-76026, before removal (Dkt. 5-1) (the "TRO").

The Court finds that OneBOSS has not shown good cause because, among other reasons, this action has been pending in this Court since Defendants filed their Notice of Removal on October 15, 2026 (initially docketed as Civil Action No. 4:26-mc-01948),

and OneBOSS has not filed a motion for preliminary injunction; OneBOSS has not shown that any Defendant possesses or has access to OneBOSS's source code or is in a position to derive it; the harm OneBOSS identifies is compensable in money; and OneBOSS has not shown a reasonable probability that the Court has personal jurisdiction over Defendants Essential Health Plan, Inc. and Everon Technologies, LLC. The Court further finds that the TRO's expedited-discovery and forensic-examination provisions, entered under the Texas Rules of Civil Procedure, should not continue in this action, in which discovery is governed by the Federal Rules of Civil Procedure.

It is therefore ORDERED as follows:

1. OneBOSS's request to extend the TRO is DENIED.

2. The TRO, including its restraints, its expedited-discovery and forensic-examination provisions, and its provisions for requests for production and depositions, expires by its own terms on October 26, 2026, and shall have no force or effect after that date.

3. Discovery in this action shall proceed under the Federal Rules of Civil Procedure, including Rule 26(d), and the orders of this Court. Any party seeking discovery before the Rule 26(f) conference must do so by motion showing good cause.

4. If OneBOSS files a motion for preliminary injunction, Defendants shall respond within fourteen (14) days after it is filed, and OneBOSS may reply within seven (7) days after the response is filed. The Court will set any hearing by separate order.

5. The $500 cash deposit that OneBOSS made in the state court in lieu of bond shall remain in place pending further order of the Court.

6. Nothing in this Order is a determination that any Defendant has been validly served or is subject to personal jurisdiction in this Court, and nothing in Defendants' response to the Motion or in this Order waives any Defendant's defenses or objections, including objections to personal jurisdiction, process, and service of process.

SIGNED at Houston, Texas, on this ____ day of ______________, 2026.

______________________________________

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE