**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ONEBOSS.IO, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **4:26-cv-09201** |
| **EHP, INC., ESSENTIAL HEALTH** | § | |
| **PLAN, INC., and EVERON** | § | |
| **TECHNOLOGIES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OPPOSED EMERGENCY MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Before the Court is Plaintiff OneBOSS.IO, Inc.'s Opposed Emergency Motion to Extend Temporary Restraining Order and Motion to Expedite Consideration (Dkt. 5) (the "Motion"). Having considered the Motion, Defendants' response, the record, and the applicable law, the Court GRANTS the Motion in part and DENIES it in part as set out below. As Federal Rule of Civil Procedure 65(b)(2) requires, the Court enters the following reasons for this limited extension in the record.

1. This action was removed to this Court on October 15, 2026. Under 28 U.S.C. § 1450 and *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439–40 (1974), the Temporary Restraining Order and Order Setting Hearing for Temporary Injunction signed on October 12, 2026, by the

129th Judicial District Court of Harris County, Texas, in Cause No. 2026-76026, before removal (Dkt. 5-1) (the "TRO") remains in effect, as an order of this Court, until it expires by its terms on October 26, 2026.

2. OneBOSS has not shown, on this record, a reasonable probability that the Court has personal jurisdiction over Defendants Essential Health Plan, Inc. and Everon Technologies, LLC, neither of which OneBOSS alleges signed the agreements on which it sues. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470–71 (5th Cir. 1985). The TRO is therefore not extended as to them.

3. OneBOSS represents that it will move for a preliminary injunction. A limited extension, ending no later than November 9, 2026, will permit that motion to be filed and decided on an orderly schedule.

4. OneBOSS's own evidence is that it does not deliver its source code to its customers, and Defendants represent that they are not reverse engineering OneBOSS's products. On October 19, 2026, Defendants proposed to abide by restraints substantially similar to those set out below. (Dkt. 5-6 at 7–8.) Extending only those narrowed restraints, for a short period, preserves the status quo pending a prompt ruling on any motion for preliminary injunction.

5. The TRO's definition of "Confidential Information," which includes OneBOSS's "designs, architecture, methods, and know-how," and its restraint on using that information "to develop any product or service that competes with" OneBOSS's products do not describe the restrained conduct with the specificity Rule 65(d) requires and risk restraining the use of general knowledge, skill, and experience. *See* 18 U.S.C. §

1836(b)(3)(A)(i); Tex. Civ. Prac. & Rem. Code § 134A.003(a). The Court therefore extends only the narrowed restraints set out below.

6. The TRO's expedited-discovery and forensic-examination provisions were entered under the Texas Rules of Civil Procedure. After removal, discovery is governed by the Federal Rules of Civil Procedure, including Rule 26(d), and OneBOSS has not shown good cause for expedited discovery. Those provisions are not extended.

It is therefore ORDERED as follows:

1. The TRO is EXTENDED IN PART, solely as modified by ordering paragraphs 2 through 4, through the earlier of 11:59 p.m. on November 9, 2026, or the Court's ruling on any motion for preliminary injunction (the "Extension Period"). In all other respects, OneBOSS's request to extend the TRO is DENIED, and every other provision of the TRO, including its definition of "Confidential Information," its restraints (b) and (c) as originally written, and its expedited-discovery, forensic-examination, request-for-production, and deposition provisions, is DISSOLVED. The TRO is not extended as to Defendants Essential Health Plan, Inc. and Everon Technologies, LLC, and as to them it expires on October 26, 2026.

2. During the Extension Period, Defendant EHP, Inc., and its officers, agents, servants, employees, and attorneys who receive actual notice of this Order, are RESTRAINED from: (a) reverse engineering, decompiling, disassembling, or otherwise attempting to derive the source code, models, or algorithms of OneBOSS's Census Connect and Proposal Engine software products (the "Solutions"); (b) using OneBOSS's non-public source code or non-public technical documentation for the Solutions

(together, the "Protected Materials") to develop a product or service that competes with the Solutions; and (c) disclosing Protected Materials to any third party, except to counsel of record, to independent experts or consultants retained for this action who are bound by obligations of confidentiality, to the Court, or as required by law.

3. Nothing in ordering paragraph 2 restricts: (a) technology developed independently, without use of Protected Materials; (b) information that is publicly available or that was known to Defendants before OneBOSS disclosed it to them; (c) the data of EHP, Inc. and its clients, including census, payroll, enrollment, and benefits data; (d) the general skills, knowledge, and experience of Defendants' officers, employees, and contractors; (e) Defendants' use of commercially available third-party products and services; (f) the transition of EHP, Inc.'s clients to another platform or provider; or (g) communications among Defendants and their counsel concerning this action.

4. The extension in ordering paragraph 1 is conditioned on OneBOSS's (a) depositing $__________ with the Clerk of Court as additional security under Federal Rule of Civil Procedure 65(c), and (b) filing a written undertaking that neither the $500 cash deposit it made in the state court in lieu of bond nor the additional security limits its liability for the costs and damages sustained by any party found to have been wrongfully restrained, each within two (2) business days after entry of this Order. If OneBOSS does not timely satisfy both conditions, the extension shall terminate without further order, and the TRO shall have no further force or effect. The $500 cash deposit shall remain in place pending further order of the Court.

5. Any motion for preliminary injunction shall be filed within two (2) days after entry of this Order. Defendants shall respond within six (6) days after the motion is filed, and OneBOSS may reply within two (2) days after the response is filed. The Court will set any hearing by separate order.

6. Discovery in this action shall proceed under the Federal Rules of Civil Procedure, including Rule 26(d), and the orders of this Court. Any party seeking discovery before the Rule 26(f) conference must do so by motion showing good cause.

7. Nothing in this Order is a determination that any Defendant has been validly served or is subject to personal jurisdiction in this Court, and nothing in Defendants' response to the Motion or in this Order waives any Defendant's defenses or objections, including objections to personal jurisdiction, process, and service of process.

8. The reasons for this extension, stated above, are entered in the record under Federal Rule of Civil Procedure 65(b)(2).

SIGNED at Houston, Texas, on this ____ day of ______________, 2026.

______________________________________

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE