United States District Court
Southern District of Texas
**ENTERED**
November 04, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ONEBOSS.IO, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EHP, INC., ESSENTIAL HEALTH PLAN, INC., and EVERON TECHNOLOGIES, LLC,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:26-cv-09201** |

## Agreed Preliminary Injunction

Plaintiff OneBOSS.IO, Inc. ("OneBOSS") and Defendant EHP, Inc. ("EHP") (together, the "parties"), by and through their respective counsel, have jointly moved the Court to enter this Agreed Preliminary Injunction. Having considered the parties' joint motion, the pleadings, the parties' agreement, and the applicable law, the Court finds that this Agreed Preliminary Injunction should be, and it is, **ENTERED** under Federal Rule of Civil Procedure 65(a).

### A. Recitals and Consent

1. *The Solutions*. As used in this Order, the "Solutions" means OneBOSS's hosted software-as-a-service products known as "Census Connect" and "Proposal Engine."

2. *Confidential Information.* As used in this Order, "Confidential Information" means OneBOSS's non-public source code, object code, algorithms, data structures, and non-public technical documentation for the Solutions that OneBOSS disclosed or made available to EHP, or that EHP otherwise obtained from OneBOSS, in each case to the extent not generally known to the public or readily ascertainable by proper means. "Confidential Information" does not include: (a) information that is or becomes generally known or available other than through a breach of a duty owed to OneBOSS; (b) information EHP, its affiliates, or its clients lawfully possessed, or that was independently developed, without use of Confidential Information; (c) the data of EHP and its clients, including census, payroll, enrollment, and benefits data, whether submitted to, stored in, or generated by the Solutions, and any field definitions provided with that data; (d) information describing the systems, portals, screens, workflows, or processes of EHP, its affiliates, or its clients, or the plan designs, rates, and contribution and eligibility rules of EHP or its clients; (e) the formats, specifications, and requirements of any payroll system, carrier, or client, and information in their published documentation; or (f) data structures, schemas, field layouts, calculations, formulas, and methods that EHP, its affiliates, or its clients provided to OneBOSS or used before OneBOSS first provided the Solutions to EHP, that are in common use in the payroll or

employee-benefits industries, or that reflect the formats, specifications, requirements, or documentation described in clause (e).

3. The parties jointly request entry of this Order to preserve the status quo during the term of this Order, and to replace the Temporary Restraining Order entered October 12, 2026, and extended by this Court's order of October 23, 2026 (the "TRO"), which this Order supersedes.

4. For purposes of this Agreed Preliminary Injunction only, and without conceding liability, the ultimate merits of any claim or defense, or that any information constitutes a trade secret, EHP consents to the entry of this Order and to its terms. EHP denies OneBOSS's allegations.

## B. Findings and Conclusions

The Court must state the findings and conclusions that support an interlocutory injunction and the reasons why it issued. Fed. R. Civ. P. 52(a)(2), 65(d)(1)(A). The findings must be sufficient to indicate the factual basis for the Court's ultimate conclusion. *Kelley v. Everglades Drainage Dist.*, 319 U.S. 415, 422 (1943) (per curiam). Because this Order rests on the parties' agreement, the Court applies the standards that govern consent decrees, whose obligations arise from "the agreement of the parties, rather than the force of the law upon which the complaint was originally based." *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 522 (1986). A consent decree must spring from and serve to resolve a dispute within the court's subject-

matter jurisdiction, come within the general scope of the case made by the pleadings, and further the objectives of the law on which the complaint is based. *Id.* at 525. The court should also ascertain that the decree is fair and does not violate the Constitution, a statute, or controlling law; that it "represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation"; and that its effect on any third party is "neither unreasonable nor proscribed." *United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981) (en banc) (Rubin, J., concurring); *accord Williams v. City of New Orleans*, 729 F.2d 1554, 1559–60 (5th Cir. 1984) (en banc); *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 858 (5th Cir. 2000). Applying those standards to the parties' agreement and stipulation, and without taking evidence or reaching the merits, the Court finds and concludes that:

1. **Consent**. OneBOSS and EHP, through counsel, have agreed to the terms of this Order and jointly request its entry.

2. **Jurisdiction and scope**. This Order resolves by agreement, for its term, OneBOSS's request for preliminary injunctive relief against EHP, a dispute within the Court's subject-matter jurisdiction. The relief it grants comes within the general scope of the case made by the pleadings and furthers the objectives of the laws on which OneBOSS's claims are based.

3. **Stipulated factual basis**. For purposes of this Order only, OneBOSS and EHP stipulate, and the Court finds, that the record includes a SaaS Agreement dated as of November 15, 2025 (Dkt. 4-6), and a Non-Disclosure and Confidentiality Agreement dated September 23, 2025 (Dkt. 4-5); that each restricts the use and disclosure of confidential information and prohibits reverse engineering (Dkt. 4-5 § 3; Dkt. 4-6 §§ 2.2(b), 8, 8A); and that the restraints in Paragraph 1 of Part C are consistent with those restrictions. Part C states the restraints in full and does not incorporate either agreement. *See* Fed. R. Civ. P. 65(d)(1)(C).

4. **Fairness and effect on non-parties**. The terms of this Order are fair and reasonable as between OneBOSS and EHP and do not violate the Constitution, any statute, or controlling law. The Order binds non-parties only as Federal Rule of Civil Procedure 65(d)(2) provides, and it does not restrict EHP from transitioning its clients to another platform or provider (Part C, Paragraph 2(f)). Its effect on non-parties is neither unreasonable nor proscribed.

5. **Reasons**. The restraints in Part C are entered because the parties have agreed to them, to preserve the status quo between the parties for the term of this Order in lieu of an evidentiary hearing on OneBOSS's request for preliminary injunctive relief. *See* Fed. R. Civ. P. 65(d)(1)(A).

6. **No adjudication of the merits**. This Order is entered on the parties' consent and in lieu of an evidentiary hearing on OneBOSS's request for preliminary injunctive relief. OneBOSS has filed its First Amended Complaint (Dkt. 4) and the Declaration of Stephen Myers (Dkt. 4-9) in support of its request, and EHP disputes them and denies OneBOSS's allegations. The Court makes no adjudication of, and this Order reflects no finding or admission for or against either party on, the merits of any claim or defense — including OneBOSS's likelihood of success; whether OneBOSS faces irreparable harm; whether any agreement is enforceable against EHP or was breached; whether EHP acquired, used, or disclosed any Confidential Information or trade secret; whether EHP or any person in active concert or participation with it has engaged in, or threatens to engage in, any conduct that Part C restrains; or whether any information constitutes a trade secret. Neither party waives any position on those issues, and EHP's consent to this Order is not an admission of any fact alleged in this action.

7. **Limited effect**. These findings and conclusions are made only for purposes of this Order and are not binding at a trial on the merits. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

## C. Order

Accordingly, it is **ORDERED** as follows:

1. **Restraints**. EHP and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are **RESTRAINED AND ENJOINED** from:

(a) reverse engineering, decompiling, disassembling, or otherwise attempting to derive the source code, object code, models, or algorithms of the Solutions;

(b) using Confidential Information to develop a product or service that competes with the Solutions; and

(c) disclosing Confidential Information to any third party, except to counsel of record, to independent experts or consultants retained for this action who are bound by obligations of confidentiality, to the Court under seal, or as required by law.

2. **Exclusions**. Nothing in Paragraph 1 restricts: (a) the independent development by EHP or its affiliates of products or services that may compete with OneBOSS, provided no Confidential Information is used in that development; (b) information that is publicly available or that was known to EHP before OneBOSS disclosed it to EHP; (c) the data of EHP and its clients, including census, payroll, enrollment, and benefits data, whether submitted to, stored in, or generated by the Solutions, and any field definitions provided with that data; (d) the general skills, knowledge, and experience of EHP's

officers, employees, and contractors; (e) EHP's use of commercially available third-party products and services; (f) the transition of EHP's clients to another platform or provider; or (g) communications between EHP and its counsel concerning this action. That a product or service of EHP or its affiliates performs a function similar to a function of the Solutions, or uses a common or industry-standard data structure, format, calculation, or method, is not, by itself, a violation of Paragraph 1.

3. **Preservation**. Each party shall preserve, and shall not delete or destroy, all source code, object code, repositories, version-control and commit histories, development records, documents, communications, and electronically stored information relating to the Solutions or to the claims and defenses in this action. Ordinary-course development and use of software are not restricted, provided that prior versions remain recoverable through version-control history or another reliable means. This preservation obligation is mutual and continuing.

4. **TRO dissolved; discovery**. The TRO, including its expedited-discovery, forensic-examination, request-for-production, and deposition provisions, is dissolved in its entirety as to all Defendants. Any materials produced or collected under those provisions shall not be reviewed or used except as permitted by a protective order entered in this action. Discovery in this action shall proceed under the Federal Rules of Civil Procedure and the

orders of this Court. This Paragraph does not limit either party's preservation obligations under Paragraph 3.

5. **Mutual non-disparagement**. During the term of this Order, OneBOSS, on the one hand, and EHP, on the other hand, and their respective officers, directors, managers, and employees acting in that capacity, shall not make, publish, or communicate to any third party — including any current or prospective customer, client, vendor, or business partner of another party — any disparaging or defamatory statement concerning another party or another party's products, services, or business. For purposes of this paragraph, a "disparaging" statement is a statement that is reasonably understood to malign, denigrate, or impugn the business reputation or integrity of another party, including a statement that another party is unable to serve, or to continue serving, its clients, or that another party has failed to pay its debts or is in default under any agreement. This paragraph does not limit any party's right to communicate factually with customers, including truthfully stating that this action is pending, that a party disputes another party's claims, or that a customer may obtain services from another provider, so long as such communications are not disparaging. Further, nothing in this paragraph restricts or penalizes:

(a) testimony, statements, pleadings, or other submissions made in this action or in any other judicial, arbitral, or administrative proceeding, or

statements otherwise protected by the judicial-proceedings or litigation privilege;

(b) truthful statements or disclosures required by law, subpoena, regulation, or a valid order of a court or governmental or regulatory authority, or made in a good-faith report to a governmental or regulatory authority of suspected unlawful conduct;

(c) the exercise of any right that cannot be waived by agreement; and

(d) confidential communications with a party's own attorneys, accountants, auditors, insurers, or investors.

6. **Data of EHP and its clients**. During the term of this Order, OneBOSS and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, shall not use the data of EHP or its clients that OneBOSS received or generated in connection with services provided to EHP or its clients, including client identities and contact information and census, payroll, enrollment, and benefits data, except to provide services to EHP, to provide services that a client requests directly using data or access the client provides directly, or to preserve evidence or respond to discovery in this action.

7. **Duration**. This Order shall take effect immediately upon entry and shall remain in effect for 120 days after entry, unless earlier dissolved,

modified, or extended by further order of the Court. Any party may move to modify or dissolve this Order for good cause. OneBOSS may move to extend this Order no later than 21 days before it expires. On any such motion that EHP opposes, OneBOSS bears the burden of establishing each requirement for a preliminary injunction, and neither EHP's consent to this Order nor the Order itself is evidence on that motion.

8. **Security**. The $500 cash deposit previously posted by OneBOSS in lieu of bond shall remain on file and is sufficient security under Federal Rule of Civil Procedure 65(c) for this Order, and no additional security is required.

9. **Enforcement**. This Order is enforceable by the Court's contempt power. It binds each party and, in accordance with Federal Rule of Civil Procedure 65(d)(2), each party's officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with any of them, who receive actual notice of this Order.

10. **Reservations**. This Order is entered by agreement and is not an admission by any party as to any fact, claim, or defense, including whether any agreement binds any party or whether any information constitutes a trade secret, and shall not be admissible for any purpose other than its enforcement. Nothing in this Order waives OneBOSS's right to seek broader or further relief, including a permanent injunction, or any Defendant's defenses, objections, or right to move to dissolve or modify this Order. During the term of this Order,

however, OneBOSS shall not seek further preliminary injunctive relief of any kind against EHP based on facts known to OneBOSS when this Order is entered. Nothing in this sentence limits OneBOSS's right to move to extend this Order under Paragraph 7, to enforce this Order, or to seek relief based on facts or circumstances that first arise after entry or that OneBOSS did not know, and could not reasonably have known, when this Order is entered. Facts known to OneBOSS at entry may be offered as background but are not themselves a basis for further preliminary relief. Nothing in this Order is a determination that any Defendant has been validly served or is subject to personal jurisdiction in this Court, and the Court does not reach any Defendant's objections to personal jurisdiction, process, or service of process. This Order imposes no restraint or obligation other than those stated expressly in the numbered paragraphs of Part C.

11. **Responsive pleadings**. The deadline for EHP to answer or otherwise respond to the First Amended Complaint is extended to November 30, 2026, and the deadline for any other Defendant that has been served is extended to November 30, 2026, or the date on which its response would otherwise be due, whichever is later, in each case without waiver of any defense or objection. Nothing in this Order sets or starts a response deadline for any Defendant that has not been served.

12. **November 4 hearing**. The hearing set for November 4, 2026 (Dkt. 10), is VACATED.

SIGNED at Houston, Texas, this 3rd day of November, 2026.

George C. Hanks Jr.
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND SUBSTANCE:

*/s/ Robert E. Shuttlesworth*
William G. Hagans
State Bar No. 24055612
S.D. Texas ID No. 695531
Robert E. Shuttlesworth
State Bar No. 24033184
S.D. Texas ID No. 29957

**Hagans**
3200 Travis, Fourth Floor
Houston, TX 77006
Telephone - (713) 222-2700
Facsimile – (713) 547-4950
Email: whagans@hagans.law
Email: rshuttlesworth@hagans.law

**Attorneys for Plaintiff OneBOSS.IO, Inc.**

*/s/ Philip D. Racusin*
Simon W. Hendershot, III
State Bar No. 09417200

S.D. Texas ID No. 8792
Philip D. Racusin
State Bar No. 24054267
S.D. Texas ID No. 1106262

**Hendershot Cowart, P.C.**
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809
Email: trey@hchlawyers.com
Email: pracusin@hchlawyers.com

**Attorneys for Defendant EHP, Inc., Appearing Subject to all Defenses and Objections**